IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. 06-20078-01-JWL
)
JASON McKINNEY, )
)
Defendant. )
)
_____)

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Jason McKinney's motion to withdraw his guilty plea (Doc. #96). On December 5, 2007, the Court conducted a hearing on the motion, at which the parties presented evidence and argument. The parties also submitted additional brief after the hearing. Having considered the parties' arguments and the evidence presented at the hearing, the Court denies defendant's motion to withdraw his plea.

**I.      Background**

Defendant was charged by superseding indictment with possession with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841; using or possessing a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c); and three other offenses. The Government filed a notice of its intent to seek an

increased sentence based on a prior drug conviction. Trial was eventually set for June 26, 2007.

As trial neared, defendant indicated an intent to plead guilty, and the Court conducted a change-of-plea hearing on June 14, 2007. At the hearing, however, defendant informed the Court that he had again changed his mind and intended to go to trial. Defendant's counsel proceeded to make a record concerning defendant's understanding of the plea bargain offered by the Government and the risks associated with rejecting that offer. During the course of that colloquy, defendant agreed that he understood that he could only receive a sentence below the 20-year minimum offered by the Government if he provided substantial assistance and the Government filed a motion for a downward departure under U.S.S.G. § 5K1.1; that he was concerned that if he gave information, the Government would not file for the departure; and that counsel had explained that he did not share that concern, but that he could not guarantee that the Government would file such a motion or how much of a departure the Government would request. After this colloquy, Government counsel indicated that her office does not solicit information and give a guarantee prior to a plea concerning the amount of a departure, and that defendant was being treated like any other defendant in that regard. The Court then added that defendant's ultimate sentence was up to the Court, and that the Court is not bound by any request by the Government for a departure.

In light of defendant's decision not to plead, the Government filed an amended notice identifying a second prior drug offense, which would increase defendant's

mandatory minimum sentence to life imprisonment.

Defendant changed his mind yet again, and on June 21, 2007, defendant submitted a petition to plead guilty, entered into a plea agreement with the Government, and in fact pleaded guilty to the first two offenses with which he was charged. The plea agreement noted that the two offenses together carried a mandatory minimum sentence of 25 years imprisonment. In exchange for defendant's plea of guilty and other promises, the Government agreed to dismiss the remaining three charges, to recommend a sentence at the low end of the applicable guideline range, to recommend a two-level reduction under the sentencing guidelines for acceptance of responsibility, and to withdraw the amended notice of the second prior drug conviction, which would otherwise subject defendant to a mandatory minimum life sentence. The plea agreement provided that these obligations of the Government are "contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States," and that the Government may withdraw its recommendations if the defendant "willfully obstructs or impedes the administration of justice" as defined in the guidelines (or attempts to do so) or engages in additional criminal conduct.

The plea agreement did not contain any provision granting defendant an opportunity to provide information to the Government in an attempt to obtain a section 5K1.1 departure; the agreement did, however, note that if defendant did provide new information about his own criminal conduct, such information could be used in determining whether and to what extent a section 5K1.1 departure motion is warranted.

3

Finally, the agreement stated that defendant understood that he would not be permitted to withdraw his plea if he disagreed with his sentence; that defendant was fully satisfied with his counsel's advice and representation; that the agreement was true and accurate and not the result of any threats, duress, or coercion; that there were no other terms of the agreement between the parties; and that defendant was entering into the agreement and pleading guilty because he is guilty and was doing so freely and voluntarily.

In his sworn plea petition, defendant represented that he was guilty of the offenses to which he was pleading; that no government agent had promised or predicted a lighter sentence if he pleaded guilty; that he knew that his sentence was solely within the discretion of the Court; that he was satisfied with his counsel's advice and assistance; and that his plea was free and voluntary and not the result of any force or threats or promises other than those noted in the petition.

At the hearing at which defendant entered his plea, the Court engaged in a colloquy with defendant. Defendant represented under oath that he was fully satisfied with his counsel's advice and representation; that he understood that his ultimate sentence could not be predicted or guaranteed at that time by the Court, the Government, or his counsel; that he understood that the Court was not bound to follow any sentencing recommendations by the Government and that he could not withdraw his plea if the Court did not follow such recommendations; that no one had made any other promises or threats to induce his plea; that he was entering the plea freely and voluntarily; and that he was in fact guilty of the charges to which he was pleading. While informing the

4

Court of the terms of the plea agreement, Government counsel stated that, although it was not part of the written plea agreement, defendant had indicated a desire to cooperate with and provide information to the Government; that the Government was going to make arrangements for such a debriefing; and that if the information proved useful, the Government would "consider" filing a motion for a section 5K1.1 departure, "depending upon the amount and type of cooperation that he gives and the benefit that that is to the Government." The Court subsequently discussed this statement with defendant as follows:

> Q: Now, the other thing that [the prosecutor] mentioned that's not in the written plea agreement—and that's fine, it does not need to be in the written plea agreement—is the extent to which the Government, while not having committed itself to actually file a motion for a downward departure for substantial assistance on your behalf, has indicated that it is willing to provide you the opportunity to earn that kind of a motion on their behalf. The important thing that I want to make sure you understand is that the ultimate decision whether or not to make a motion for a downward departure—and therefore give the Court the ability to give you a downward departure under the guideline section for substantial assistance—is left entirely up to the discretion of the United States Attorney's Office. Meaning that it doesn't matter how much you think or your lawyer thinks or the judge thinks you may have given substantial assistance; if the Government does not make that motion, then the judge cannot give you a lower sentence based on your substantial assistance under the guideline. Do you understand that that's how that works?
>
> A: Yes, sir.

Finally, Government counsel informed the Court that she had learned that defendant "had engaged in obstructive behavior" including threatening witnesses, and

that defendant had been placed in segregation at the prison as a result. Government counsel represented that the segregation had not been intended as a punishment for deciding not to plead previously, and she asked the Court to confirm that defendant was not feeling coerced to plead guilty because of that segregation. The Court did confirm with defendant that he did not plead guilty because of any pressure or coercion relating to the segregation. Defendant's counsel then stated that defendant had been told that he had been placed "in the hole" because he was threatening witnesses, and that counsel would continue to discuss that issue with defendant. The Court concluded the hearing by accepting defendant's guilty plea and finding that the plea was knowing and voluntary.

After defendant's plea, he did provide useful information to the Government. The Government informed defendant, however, that it had evidence that defendant had threatened harm not only to witnesses in his case, but also to the prosecutor. The Government first learned of the threat concerning the prosecutor on June 13, 2007, and it had already begun its investigation of that threat when defendant entered his plea. Defendant failed a polygraph test administered by the Government concerning whether he made the threats to the safety of witnesses and the prosecutor. By letter dated August 11, 2007, the Government provided defendant's counsel with redacted reports concerning the investigation of the threats; discussed the evidence of the threats, including evidence of threats made since his plea; and stated that the investigators' belief in the credibility of the evidence of the threats was reasonable. The Government noted

defendant's continuing desire to cooperate and its prior willingness to provide defendant an opportunity to cooperate. In light of the evidence of the threats and defendant's failed polygraph, however, the Government limited defendant's ability to obtain a section 5K1.1 motion as follows:

> [F]or us to utilize your client as a witness in any other investigation and/or prosecution, he would need to be completely honest with us, which would include his truthful admission about making threatening remarks toward witnesses and the prosecutor in his case. As you know, if we have legitimate concerns about an individual's veracity, then we are unable to use them as a witness.
>
> . . .
>
> [T]he continued willingness of this office to provide your client with an opportunity to cooperate in any ongoing investigations and/or prosecutions has almost ended. Unless your client is willing to admit that he has made such threatening remarks as detailed in the enclosed reports, and he is willing to participate in an interview with the agents to discuss why these threats were made, and he will take any and all steps to ensure none of his associates act on his threats, then he will not be offered any opportunity to earn a downward departure under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Rule 35. Additionally, we will be prepared to present evidence at your client's sentence hearing [sic] that he has not demonstrated an acceptance of responsibility by committing crimes since he pled guilty, which will increase his offense level by two levels.

Defendant did not take the steps required by the Government in this letter, and the Government has determined that it cannot use defendant as a credible witness in any other case and that it therefore will not move for a departure for defendant under section 5K1.1.

On August 7, 2007, defendant filed a pro se request for new counsel and to withdraw his plea. At a hearing on August 16, 2007, the Court denied the motion for

7

new counsel and denied the motion to withdraw the plea without prejudice to the filing by counsel of a renewed motion to withdraw. At a hearing on August 24, 2007, the Court granted the motion of defendant's counsel to withdraw from the case; appointed new counsel; and gave new counsel additional time to consider and file a renewed motion to withdraw defendant's guilty plea. On November 14, 2007, counsel filed the instant motion to withdraw defendant's plea.

The Court conducted an evidentiary hearing on the motion on December 5, 2007. Defendant put on evidence that he had requested $25,000 from a friend to retain new counsel, to rebut the Government investigators' allegation that he had requested such funds to pay someone to harm the prosecutor or witnesses. Defendant's counsel at the time of the plea testified that the opportunity to cooperate with the Government had been the key to defendant's acceptance of the plea agreement; that at the time of the plea, he and defendant had known that the Government was investigating threats by defendant against witnesses; but that they did not hear about any alleged threat concerning the prosecutor until defendant's debriefing on June 27, 2007. Defendant testified that he had not made the alleged threats; that he had heard hearsay about other inmates fabricating evidence of threats by defendant; that he made no attempt to discuss such fabrications with those inmates; that he knew about the allegations of threats concerning witnesses at the time of the plea; and that he knew when he pleaded that threats concerning witnesses could constitute obstruction of justice under the plea agreement.

The Government conceded at the hearing that it had known about the threat

concerning the prosecutor at the time of the plea, but that such information was not disclosed at that time because its investigation of the threats was ongoing. The Government also stated at the hearing that it had no intent, even in light of its knowledge of facts up to that time, not to abide by its obligations under the plea agreement.

**II.     Discussion**

Defendant argues that he was induced to enter into the plea agreement and plead guilty by the Government's promise to give him an opportunity to cooperate to obtain a downward departure at sentencing under U.S.S.G. § 5K1.1, and that he should be allowed to withdraw his plea because he was denied that benefit of his bargain with the Government. Specifically, defendant points to the Government's failure to disclose at the time of the plea the allegation that he had threatened harm to the prosecutor, and he argues that that allegation foreclosed the promised opportunity for him to cooperate.

"General principles of contract law define the content and scope of the government's obligations under a plea agreement." *United States v. VanDam*, 493 F.3d 1194, 1199 (10th Cir. 2007). The Court looks to "the express language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea." *Id.* "The applicable Supreme Court precedent clearly holds the government accountable with regard to any promises made to induce a defendant to plead guilty: '[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be

9

said to be part of the inducement or consideration, *such promise must be fulfilled*.'" *United States v. Cooper*, 70 F.3d 563, 565 (10th Cir. 1995) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)) (emphasis added in *Cooper*); *see also Brady v. United States*, 397 U.S. 742, 755 (1970) ("a plea of guilty entered by one fully aware of the direct consequences . . . must stand unless induced by . . . misrepresentation (including unfulfilled or unfulfillable promises)"), *quoted in Cooper*, 70 F.3d at 565.

      1.     The Court first considers whether defendant should be allowed to withdraw his plea on the basis that it was induced by a promise that the Government knew could not be fulfilled at the time of the plea. *See Cooper*, 70 F.3d at 567 (allowing withdrawal of plea based on an "unfulfillable promise"); *United States v. Knights*, 968 F.2d 1483, 1488 (2d Cir. 1992) (fraudulent for government to have induced a plea with a promise that it already knew it was not going to keep). In resolving that question, the Court must first determine the Government's actual promise to defendant. Although the parties' written plea agreement contains a reference to a section 5K1.1 motion by the Government, the agreement contains no promise by the Government to debrief defendant, to allow him to cooperate, or even to consider filing a section 5K1.1 motion. In arguing that the Government did promise him an opportunity to cooperate, defendant cites comments by the prosecutor and the Court at the plea hearing. For purposes of the instant motion, the Government does not dispute that, as part of its agreement with defendant, it indicated that it would give defendant the opportunity to cooperate. The Court agrees with the Government, however, that any such "promise" was limited in

10

scope. For instance, the prosecutor's statement of that "promise" at the plea hearing was that the Government would arrange for a debriefing, to accommodate defendant's desire to cooperate, and that if the information proved useful, the Government would "consider" filing a section 5K1.1 motion "depending on the amount and type of cooperation that he gives *and the benefit that that is to the Government*." In its subsequent colloquy with defendant, the Court made clear that the Government had not committed itself actually to filing a section 5K1.1 motion and that the Government retained all discretion in deciding whether to file such a motion.[1]

Accordingly, assuming that the Government did promise, as a part of its plea agreement, that it would give defendant the *opportunity* to cooperate to attempt to secure a section 5K1.1 motion, that promise went no further. The Government did not promise to file such a motion, and it retained all of its usual discretion in making that determination. The Government made no promises regarding how extensive the opportunity would be. Nor did the Government promise to depart from its usual analysis in making its section 5K1.1 decision and in determining the benefit to the Government of any information provided, including the determination whether defendant would be a credible witness. In light of the Court's colloquy, defendant's reasonable understanding of the scope of the Government's promise could have been no different.

The Court must then consider whether the Government knew that it could not

---

[1] The Government's discretion in this respect was also made clear to defendant at his first change-of-plea hearing on June 14, 2007.

11

fulfill this limited promise at the time of the plea.[2] In arguing this point, defendant relies on the Government's knowledge of the investigation regarding the threat to the safety of the prosecutor. Such knowledge, however, does not equate to a present intent by the Government at the time of the plea that it would not make a section 5K1.1 motion under any circumstances. In fact, the evidence shows that the Government remained willing to consider such a motion after defendant's debriefing if defendant would admit his threats involving witnesses and the prosecutor and thus enhance his credibility as a witness. That evidence suggests that, at the time of the plea, the Government had not foreclosed the possibility of defendant's earning a section 5K1.1 motion for downward departure. In addition, defendant testified that, at the time of the plea, he knew that the Government was investigating alleged threats concerning witnesses, and that he nonetheless believed that he could earn a departure under section 5K1.1. The fact that defendant still believed he could overcome allegations of threats in this way supports the conclusion that the Government also retained hope that defendant's threats would not prove an insurmountable barrier to cooperation and a section 5K1.1 departure. Based on this evidence, the Court concludes that defendant was not induced to plead guilty and enter into the plea agreement by an "unfulfillable promise" by the Government concerning defendant's opportunity to cooperate in the hope of receiving a downward

---

[2]For this purpose, the Court accepts the testimony of both defendant and his attorney that defendant was induced to enter into the plea agreement in large part because of the opportunity to cooperate in order to attempt to receive a section 5K1.1 departure.

departure at sentencing. Accordingly, defendant is not entitled to withdraw his plea on this basis.

2. The Court also rejects any argument by defendant based on a theory of fraudulent concealment. Defendant argues that he should be allowed to withdraw his plea because the Government failed to disclose at that time that it was investigating an alleged threat by defendant against the prosecutor. The Supreme Court has noted that a plea induced by "misrepresentation (including unfulfilled or unfulfillable promises)" provides an exception to the rule that a defendant must abide by a guilty plea. *See Brady*, 397 U.S. at 755, *quoted in Cooper*, 70 F.3d at 565. As addressed above, the Government did not affirmatively misrepresent at the time of the plea that it would grant defendant the opportunity to cooperate, subject to its discretion concerning the benefit of such cooperation. Defendant has provided no authority suggesting that the Government has a duty to disclose, at the time of the plea, all material facts that may affect its later determination concerning the filing of section 5K1.1 motion for a defendant, and the Court declines to expand the Supreme Court's exception in this case.

In addition, defendant testified that, at the time of his plea, he knew about the allegations of threats against witnesses and he understood that making threats could constitute an obstruction of justice that would jeopardize his receiving the benefits of the plea agreement. Defendant has not shown how the addition of a threat against the prosecutor—as opposed simply to threats against witnesses—would have affected the Government's section 5K1.1 determination and therefore would have affected his

13

decision to enter into the plea agreement. Therefore, even if defendant could rely on a fraudulent concealment theory, he has not shown that he actually or reasonably relied on the failure of the Government to disclose that it was investigating not only threats against witnesses, but also a threat against the prosecutor.

    3.    The Court next considers whether the Government breached its limited promise to give defendant an opportunity to cooperate. Withdrawal of a plea is one possible remedy for a material breach of a plea agreement by the Government. *See Santobello,* 404 U.S. at 262-63 (in event of breach, lower court has discretion concerning relief, including specific performance of plea agreement or withdrawal of plea); *Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir. 1995) (same). "Consistent with the contract law-based analysis that governs plea agreement disputes, the party who asserts a breach of a plea agreement has the burden of proving the underlying facts that establish a breach by a preponderance of the evidence." *Allen*, 57 F.3d at 1534.

Defendant has not met his burden of establishing that the Government breached its limited promise to give him an opportunity to cooperate. The Tenth Circuit has set forth the applicable analysis as follows:

> Ordinarily, the court's review of the government's decision not to move for a substantial assistance downward departure is limited to determining whether the decision was animated by an unconstitutional motive or was not rationally related to a legitimate government end. Even if a defendant undeniably renders substantial assistance, the government retains discretion to decide whether to request a § 5K1.1 downward departure.
>
> The government may bargain away this discretion, however, in a

14

> plea agreement. We agree with the other circuits that have considered this issue and have found that whether a plea agreement unequivocally obligates the government to provide defendant with the opportunity to provide substantial assistance turns on the specific language of the agreement.

*United States v. Courtois*, 131 F.3d 937, 938-39 (10th Cir. 1997) (citations omitted). As discussed above, in agreeing to give defendant an opportunity to cooperate in this case, the Government did not promise to allow cooperation or to move for a departure (defendant has not claimed that such a promise was made), and it clearly retained its virtually unfettered discretion in determining whether to file such a motion. As further discussed above, the Government did give defendant the opportunity to cooperate, contingent upon satisfaction of its credibility concerns. Thus, defendant has not shown that the Government failed to give him the promised opportunity.

The Court's review is therefore limited to determining whether the Government's decision not to move for a downward departure in this case has been "animated by an unconstitutional motive" or is not "rationally related to a legitimate government end." *See id.* The Government has decided not to file a section 5K1.1 motion for defendant because he has not admitted making the threats, which have been corroborated by various witnesses and defendant's failed polygraph test. Defendant has not shown that the Government has acted irrationally or impermissibly in requiring him to be a credible witness before making a departure motion and in finding defendant not to be credible. Accordingly, defendant is not entitled to relief for breach of the plea agreement.

Some case law in the Tenth Circuit suggests that the Government's decision not

15

to file a section 5K1.1 motion may be reviewed for a lack of good faith. *See United States v. Mendez*, 2008 WL 905220, at *2 (10th Cir. Apr. 4, 2008) (noting intra-circuit split on issue); *United States v. Kovac*, 23 Fed. App'x 931, 937-38 (10th Cir. 2001) (describing conflicting case law). The Court concludes, however, that defendant has not shown that the Government acted in bad faith in finding defendant not to be credible in deciding not to file for a departure here.[3]

4. Nor has defendant established that he is entitled to withdraw his guilty plea under Fed. R. Crim. P. 11(d). That rule provides that a defendant may withdraw a plea of guilty prior to sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant does not have an absolute right to withdraw his plea. *See United States v. Hickok*, 907 F.2d 983, 985 (10th Cir. 1990). Defendant bears the burden of establishing a "fair and just reason" for withdrawal of his plea. *See id.* Unless defendant first meets that burden, possible prejudice to the Government need not be considered. *See id.* at 986-87. A change of heart is not a sufficient basis for withdrawal. *See id.* at 986.

The Tenth Circuit weighs the following seven factors in considering whether a defendant has met its burden of showing that he is entitled to withdraw his guilty plea:

---

[3]The ultimate issue of whether defendant did threaten witnesses or the prosecutor or did otherwise obstruct justice is not presently before the Court. In the event that the Government does not satisfy its obligation to recommend at sentencing a deduction for acceptance of responsibility, this issue regarding the threats may be addressed at sentencing, along with any new claims of breach of the plea agreement.

16

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources.

*United States v. Siedlik*, 231 F.3d 744, 749 (10th Cir. 2000); *see also Hickok*, 907 F.2d at 985 n.2. Defendant has addressed only the fifth and sixth factors. Defendant claimed in his motion to withdraw his plea that his counsel coerced him into pleading and allowed him contact with Government officials after his plea without counsel's presence. Defendant failed to offer any evidence at the hearing, however, to support either allegation concerning his counsel. Defendant testified under oath in his plea petition and at the plea hearing that he had been satisfied with his counsel's representation. Defendant has not explained how counsel's presence at a post-plea event could have affected defendant's decision to enter into the plea agreement and plead guilty. Accordingly, the Court concludes that the fifth factor does not weigh in defendant's favor.[4]

The Court also rejects defendant's argument that his plea was not knowing and voluntary. Defendant argues that his plea was not knowing and voluntary because he was not aware of the Government's investigation into his alleged threats against the prosecutor. Defendant was aware, however, that the Government was investigating

---

[4] For these reasons, the Court also rejects these claims relating to defendant's counsel as separate bases for withdrawal of defendant's plea.

17

threats, and he testified that he entered into the plea agreement anyway. Defendant understood from the plea colloquy that the Government retained ultimate discretion whether to recommend a downward departure for substantial assistance. Defendant also testified under oath at the plea hearing that his plea had not been coerced and was entered voluntarily. Defendant has not established that his plea was not knowing and voluntary. *See United States v. Cervantes*, 115 Fed. App'x 1, 10 (10th Cir. 2004) (rejecting argument that plea was not knowing and voluntary based on failure to provide opportunity to cooperate).

Among the factors listed by the Tenth Circuit, only the lack of a substantial delay in filing for withdrawal possibly weighs in defendant's favor. Therefore, defendant has failed to establish a fair and just reason for withdrawal of the plea, and the Court denies his motion.[5]

5. Finally, defendant seeks to disqualify the prosecutor whose safety defendant allegedly threatened, on the basis that the prosecutor is now a witness and should not be permitted to exercise the Government's discretion regarding the filing of a section 5K1.1 motion. The Government has agreed that that prosecutor will no longer participate in this case. The Court notes that a different prosecutor appeared at the hearing on this motion and submitted the Government's post-hearing brief. The Court

---

[5]Because defendant has failed to establish a breach of the plea agreement, the Court also denies his alternative request to be relieved of his obligations under the plea agreement.

further notes the Government's post-plea letter noting defendant's dwindling opportunity to obtain a departure was authored by the second prosecutor. Accordingly, the Court denies this request as moot.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to withdraw his guilty plea (Doc. #96) is hereby denied. Defendant's sentencing will be set by subsequent order of the Court.

IT IS SO ORDERED.

Dated this 15th day of May, 2008, in Kansas City, Kansas.

                                       s/ John W. Lungstrum
                                       John W. Lungstrum
                                       United States District Judge