IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-20078-01-JWL |
| ) | |
| JASON McKINNEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Jason McKinney's motion for reconsideration (Doc. # 148) of the Court's Memorandum and Order of May 15, 2008, by which the Court denied defendant's motion to withdraw his guilty plea. *See* Doc. # 133. The Court **denies** the motion for reconsideration.

Defendant argues specifically that the Court should reconsider its refusal to relieve defendant of his obligations under his plea agreement (defendant's alternative request if not allowed to withdraw his plea). Defendant notes that the Court addressed this alternative request only in a footnote, in which the Court stated: "Because defendant has failed to establish a breach of the plea agreement, the Court also denies his alternative request to be relieved of his obligations under the plea agreement." *See* Memorandum and Order at 18 n.5. Defendant argues that the Court thus failed to consider whether he should be relieved of his obligations not because of a breach by the

Government, but because the Government made a material misrepresentation or omission that induced defendant's plea; because the Government did not intend to move for a downward departure, consent to a reduction for acceptance of responsibility, or forego arguing for an obstruction-of-justice enhancement; and because the Government failed to act in good faith. As before, defendant's position is based on its argument that the Government should have disclosed information it had concerning threats by defendant to the safety of a prosecutor. Defendant argues that reconsideration is required here to correct clear error and avoid manifest injustice. *See* D. Kan. Rule 7.3(b) (listing bases for reconsideration).

In his present motion, defendant has not raised new arguments, but has instead merely repeated arguments made to and considered by the Court in proceedings on defendant's original motion. The Court's Memorandum and Order included the following rulings:

(1) The Government's promise was limited to a promise to provide an *opportunity* for defendant to cooperate to try to obtain a substantial-assistance departure, and defendant has not shown that his plea was induced by an "unfulfillable" promise. *See id.* at 10-13.

(2) Although the Supreme Court has recognized misrepresentation as a possible basis to relieve a defendant of his obligation to abide by his guilty plea, defendant "has provided no authority suggesting that the Government has a duty to disclose, at the time of the plea, all material facts that may affect its later determination concerning the filing of [a] section 5K1.1 motion for a defendant, and the Court declines to expand the Supreme Court's exception in this case." *Id.* at 13.

(3) "[E]ven if defendant could rely on a fraudulent concealment theory, he has not shown that he actually or reasonably relied on the failure of the Government to disclose that it was investigating not only threats against witnesses, but also a threat against the prosecutor." *Id.* at 14.

(4) Defendant has not shown that the Government breached its limited promise to give defendant an opportunity to cooperate; nor has defendant shown that the Government acted irrationally or impermissibly or in bad faith in requiring him to be a credible witness before making a departure motion and in finding defendant not to be credible. *See id.* at 14-16.

Thus, the Court has already addressed and rejected the specific arguments made by defendant in his motion to reconsider. Defendant has not offered any authority or reason why defendant's request to be released from his obligations under the plea agreement should not be governed by the same standards applied by the Court to defendant's motion to withdraw his plea. Nor has defendant shown that the Court's prior rulings are clearly erroneous. Accordingly, the Court denies defendant's motion for reconsideration.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for reconsideration of the Court's Memorandum and Order of May 15, 2008 (Doc. # 148) is hereby **denied**.

IT IS SO ORDERED.

Dated this _25th day of August, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge