**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-20078 |
| JASON MCKINNEY, | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM AND ORDER

Defendant Jason McKinney pleaded guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). He was sentenced to 320 months' imprisonment on the first count and sixty months' imprisonment on the second, to run consecutively, as well as ten years' supervised release. He filed an appeal, and the Tenth Circuit affirmed his conviction and sentence. *United States v. McKinney*, Nos. 08-3137, 09-3069, 2010 WL 358129 (10th Cir. Feb. 2, 2010).

Mr. McKinney has now submitted to the court a letter requesting his "discovery" as part of his Sixth Amendment right (doc. 221). Mr. McKinney is not entitled, however, to free copies of documents from this court. The Tenth Circuit has previously looked to 28 U.S.C. § 753(f), the statutory provision governing copies of transcripts to

defendants, to resolve requests for other court documents. Section 753(f) allows free copies of transcripts if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Although Mr. McKinney's request for discovery documents—and not transcripts—is not expressly governed by § 753(f), the standard set forth in § 753(f) warrants denial of his request. *See Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a nonfrivolous claim); *United States v. Lewis*, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (applying the § 753(f) standard to a defendant's request for documents). Moreover, a habeas petition must be filed to trigger the specific statute that grants indigent petitioners "documents" or "parts of the record" without cost. *See* 28 U.S.C. § 2250; *Lewis*, 1994 WL 563442, at * 1.

Thus, Mr. McKinney's request for discovery documents fails because there is nothing currently pending before this court.

**IT IS ORDERED BY THE COURT** that defendant's motion for discovery (doc. 221) is denied.

**IT IS SO ORDERED** this 20th day of April, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge