IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                                              Case No. 06-20078-01-JWL

**Jason McKinney,**

      **Defendant.**

## MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).  In March 2009, the court sentenced Mr. McKinney to 360 months' imprisonment on the first count and sixty months' imprisonment on the second count, to run consecutively.   This matter is presently before the court on Mr. McKinney's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and, more specifically, Amendment 750 and the resulting revised Drug Quantity Table.  *See United States v. Osborn*, 679 F.3d 1193, 1194-95 (10th Cir. 2012) (Amendment 750 altered the drug-quantity tables in the Sentencing Guidelines for crack cocaine such that a larger quantity of crack cocaine is required for each base offense level).  As will be explained, the motion is dismissed in part and is otherwise denied.

At the conclusion of Mr. McKinney's sentencing hearing, the court calculated a base offense level of 38 after converting quantities of cocaine and cocaine base to more than 56,000

kilograms of marijuana. Mr. McKinney then received a two-level reduction pursuant to Application Note 10(D) of U.S.S.G. § 2D1.1 because the offense involved cocaine base and another controlled substance, bringing the offense level to 36. Ultimately, the court calculated an adjusted offense level of 42 after applying a four-level enhancement under U.S.S.G. § 3B1.1(a) based on Mr. McKinney's role in the offense and a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. With a criminal history category of V, the guidelines provided a sentencing range of 360 months to life.

Under the drug equivalency provisions now in place, Mr. McKinney is responsible for the equivalent of just over 10,000 kilograms of marijuana, with a corresponding base offense level of 36. But because Amendment 750 also eliminated the two-level reduction previously applied to Mr. McKinney under Application Note 10(D), *see United States v. Hall*, 546 Fed. Appx. 844, 845 (11th Cir. 2013), Mr. McKinney's base offense level remains 36 and his adjusted offense level after the applicable enhancements remains 42. With a criminal history category of V, the guidelines provided a sentencing range, as before, of 360 months to life. Because Amendment 750, then, would not have the effect of lowering Mr. McKinney's applicable guideline range, a reduction in his sentence is not authorized by 18 U.S.C. § 3582(c)(2) and the court lacks jurisdiction to grant relief to Mr. McKinney.

In an effort to avoid this result, Mr. McKinney further argues that the court should now remove the four-level enhancement that Mr. McKinney received to reflect his role as an organizer or leader of a criminal activity involving five or more persons. *See* U.S.S.G. § 3B1.1(a). According to Mr. McKinney, the enhancement no longer applies because the Oklahoma matter upon which the court relied in applying the enhancement has since been

dismissed. This argument is rejected. The court considered the evidence relating to the January 2006 stop and arrest of Mr. McKinney in Guthrie, Oklahoma in determining that Mr. McKinney merited a four-level enhancement for his role in the offense, and that evidence (in the form of evidence presented by witnesses at the sentencing hearing) remains relevant and substantial even assuming the truth of Mr. McKinney's representation that all state charges stemming from the arrest were subsequently dismissed after Mr. McKinney's sentencing in this case. In other words, the facts underlying Mr. McKinney's January 2006 arrest in Guthrie, Oklahoma remain unchanged, regardless of the ultimate disposition of the matter in state court.

Finally, Mr. McKinney, directing the court to *Pepper v. United States*, 131 S. Ct. 1229 (2011), asks the court to consider his "post-sentencing rehabilitation" and to reduce his sentence accordingly. This request is denied. *Pepper* held that when a defendant's sentence has been set aside on appeal, a court at resentencing may consider evidence of postsentencing rehabilitation. *Pepper* does not suggest that a court can simply "resentence a defendant in the absence of an appellate decision invalidating the original sentence." *United States v. Jones*, 2013 WL 2364187, at *2 (10th Cir. May 31, 2013).

Mr. McKinney's motion, then, is dismissed in part for lack of jurisdiction and is otherwise denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 246) is **dismissed in part for lack of jurisdiction and is otherwise denied.**

**IT IS SO ORDERED.**

Dated this 4th day of August, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
