## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                                    **Case No. 06-20078-01-JWL**

**Jason McKinney,**

        **Defendant.**

### MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).  In March 2009, the court sentenced Mr. McKinney to 320 months imprisonment on the first count and sixty months imprisonment on the second count, to run consecutively.  The Tenth Circuit affirmed the court's judgment on appeal and, thereafter, this court denied in part and dismissed in part Mr. McKinney's motion to vacate under 28 U.S.C. § 2255.  The Tenth Circuit agreed that Mr. McKinney was not entitled to relief under § 2255 and denied his request for a certificate of appealability.

This matter is presently before the court on Mr. McKinney's motion to compel production of grand jury material under Federal Rule of Criminal Procedure 6(e) and his motion to disqualify the Assistant United States Attorney who prosecuted this case on behalf of the government.  Both motions are denied.

In his motion to compel, Mr. McKinney seeks an order directing the government to provide to Mr. McKinney grand jury materials, including but not limited to transcripts, juror attendance records, documents relating to the length of the term of the grand jury, exculpatory materials and any arguments, summation or explanations provided to the grand jury by any attorney for the government.  To obtain access to these materials, Mr. McKinney must make a strong showing of a particularized need that outweighs the public interest in secrecy of grand jury proceedings.  *See United States v. Edge*, 315 Fed. Appx. 92, 96 (10th Cir. 2009) (citing cases).  Mr. McKinney purports to "need" these materials in light of his stated intent to file a motion to disqualify the undersigned judge and his pending motion to disqualify the prosecutor assigned to this case.  As explained by Mr. McKinney, he has "expressed displeasure" with this court's rulings in the past (in connection with a motion to recuse that Mr. McKinney filed and the court denied in 2008) and the prosecutor withheld evidence that was used against him at sentencing in violation of *Brady* and *Giglio*.  He further asserts that he desires to "see what was presented" to the grand jury because he does not believe the enhancements he received at sentencing were "just."  Mr. McKinney's assertions are neither particularized nor sufficient to overcome the presumption against disclosure of the grand jury materials.

Moreover, it is clear from the nature of Mr. McKinney's arguments that he is again attempting to challenge this court's refusal to permit Mr. McKinney to withdraw his guilty plea and the government's failure to disclose to Mr. McKinney that, at the time of the plea, it was investigating whether Mr. McKinney had made threats against the prosecutor.  Mr. McKinney has raised these arguments previously and they have been expressly rejected by the Tenth Circuit.  *See United States v. McKinney*, 363 Fed. Appx. 665 (10th Cir. 2010).  Nothing within

2

the grand jury materials sought by Mr. McKinney would have any bearing on issues already decided by the Circuit and there is no vehicle at this juncture for Mr. McKinney to argue these issues again.

With respect to his motion to disqualify the prosecutor, Mr. McKinney asserts that there is a "conflict of interest" between the prosecutor and Mr. McKinney such that the prosecutor should be disqualified "from any and all procedures in this case." He again asserts that the prosecutor should have disclosed to him that the government was investigating whether Mr. McKinney had made threats against the prosecutor; that the prosecutor "abused" her power by using an § 851 enhancement to induce Mr. McKinney's guilty plea; and that the prosecutor had a "preconceived notion" that Mr. McKinney had obstructed justice. According to Mr. McKinney, the conflict arises from the prosecutor's belief that Mr. McKinney threatened her life and is now acting in the capacity of a "victim" rather than a prosecutor. Mr. McKinney does not direct the court to any present or foreseeable risk, nearly 8 years after his guilty plea and long after the conclusion of the appeal process, that the prosecutor's representation of the government's interest in this case will be limited or otherwise affected by a strong emotional interest in this case or any personal animosity toward Mr. McKinney. *See United States v. Farrell*, ___ F.3d ___, 2015 WL 3891640, at *7-8 (S.D. W. Va. June 24, 2015). The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion to compel (doc. 261) is **denied** and Mr. McKinney's motion to disqualify (doc. 264) is **denied**.

3

**IT IS SO ORDERED.**

Dated this 9th day of September, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4