IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                    **Case No. 06-20078-01-JWL**

**Jason McKinney,**

      **Defendant.**

### MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In March 2009, the court sentenced Mr. McKinney to 320 months imprisonment on the first count and sixty months imprisonment on the second count, to run consecutively. The Tenth Circuit affirmed the court's judgment on appeal and, thereafter, this court denied in part and dismissed in part Mr. McKinney's motion to vacate under 28 U.S.C. § 2255. The Tenth Circuit agreed that Mr. McKinney was not entitled to relief under § 2255 and denied his request for a certificate of appealability.

Recently, Mr. McKinney sent a letter to Chief Judge Thomas Marten, a copy of which is attached, in which he asks Judge Marten to change his appointed counsel in preparation for the filing of a § 3582(c) motion in which Mr. McKinney intends to seek relief under Amendment 782. In his letter, Mr. McKinney states that he is not satisfied with the representation he has

received from the Office of the Federal Public Defender.  Judge Marten forwarded Mr. McKinney's letter to the undersigned as the presiding judge in Mr. McKinney's case.

The court construes Mr. McKinney's letter as a motion to change appointed counsel and denies the motion.  There is no constitutional right to counsel beyond the direct appeal of a conviction.  *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994).  "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).   To streamline the significant task of processing motions for relief stemming from Amendment 782, Chief Judge Marten appointed the Officer of the Public Defender to represent indigent defendants (despite the fact that these defendants had no constitutional right to counsel at this juncture) to determine whether those defendants were entitled to relief under Amendment 782.  Based on Mr. McKinney's letter, it appears as though the Federal Public Defender has determined that Mr. McKinney is not eligible for relief under Amendment 782.  While Mr. McKinney is certainly entitled to file a § 3582(c) motion for relief in any event, he is not entitled to a change in appointed counsel to assist him in that pursuit.

For the foregoing reasons, Mr. McKinney's motion to change appointed counsel is denied, but Mr. McKinney may file a pro se motion for relief under Amendment 782.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion to change appointed counsel is **denied**.

**IT IS SO ORDERED.**

Dated this 8th day of October, 2015, at Kansas City, Kansas.

                                                s/ John W. Lungstrum  
                                                John W. Lungstrum  
                                                United States District Judge