IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                    Case No. 06-20078-01-JWL

**Jason McKinney,**

        **Defendant.**

## MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In March 2009, the court sentenced Mr. McKinney to 360 months' imprisonment on the first count and sixty months' imprisonment on the second count, to run consecutively. This matter is presently before the court on Mr. McKinney's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and, more specifically, Amendment 782 and the resulting revised Drug Quantity Table. As will be explained, the motion is dismissed.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That

provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

At the conclusion of Mr. McKinney's sentencing hearing, the court calculated a base offense level of 38 after converting quantities of cocaine and cocaine base to more than 56,000 kilograms of marijuana. Mr. McKinney then received a two-level reduction pursuant to Application Note 10(D) of U.S.S.G. § 2D1.1 because the offense involved cocaine base and another controlled substance, bringing the offense level to 36. Ultimately, the court calculated an adjusted offense level of 42 after applying a four-level enhancement under U.S.S.G. § 3B1.1(a) based on Mr. McKinney's role in the offense and a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. With a criminal history category of V, the guidelines provided a sentencing range of 360 months to life.

Under the drug equivalency provisions now in place, Mr. McKinney is responsible for the equivalent of just over 10,000 kilograms of marijuana, with a corresponding base offense level of 34 in light of Amendment 782. But because Amendment 750 eliminated the two-level reduction previously applied to Mr. McKinney under Application Note 10(D), *see United States v. Robinson*, 506 Fed. Appx. 840, 841-42 (10th Cir. 2013), Mr. McKinney's base offense level remains 34 and his adjusted offense level after the applicable enhancements is 40. With a criminal history category of V, the guidelines now provide a sentencing range, as before, of 360 months to life. Because Amendment 782, then, would not have the effect of lowering Mr.

McKinney's applicable guideline range, a reduction in his sentence is not authorized by 18 U.S.C. § 3582(c)(2) and the court lacks jurisdiction to grant relief to Mr. McKinney.

Mr. McKinney's motion, then, is dismissed.


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 272) is **dismissed.**


**IT IS SO ORDERED.**


Dated this 12th day of November, 2015, at Kansas City, Kansas.


s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge