IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                      Case No. 06-20078-01-JWL

Jason McKinney,

        Defendant.

**MEMORANDUM & ORDER**

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In March 2009, the court sentenced Mr. McKinney to 360 months' imprisonment on the first count and sixty months' imprisonment on the second count, to run consecutively. In November 2015, Mr. McKinney filed a motion to reduce his sentence in light of Amendment 782. The court dismissed that motion on the grounds that a reduction was not authorized because Amendment 782 did not have the effect of lowering Mr. McKinney's applicable guideline range.

As explained by the court at that time, at the conclusion of Mr. McKinney's sentencing hearing, the court calculated a base offense level of 38 after converting quantities of cocaine and cocaine base to more than 56,000 kilograms of marijuana. Mr. McKinney then received a two-level reduction pursuant to Application Note 10(D) of U.S.S.G. § 2D1.1 because the offense involved cocaine base and another controlled substance, bringing the offense level to 36.

Ultimately, the court calculated an adjusted offense level of 42 after applying a four-level enhancement under U.S.S.G. § 3B1.1(a) based on Mr. McKinney's role in the offense and a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. With a criminal history category of V, the guidelines provided a sentencing range of 360 months to life. Under the drug equivalency provisions now in place, Mr. McKinney is responsible for the equivalent of just over 10,000 kilograms of marijuana, with a corresponding base offense level of 34 in light of Amendment 782. But because Amendment 750 eliminated the two-level reduction previously applied to Mr. McKinney under Application Note 10(D), *see United States v. Robinson*, 506 Fed. Appx. 840, 841-42 (10th Cir. 2013), Mr. McKinney's base offense level remained at 34 and his adjusted offense level after the applicable enhancements remained at 40. With a criminal history category of V, the guidelines provided a sentencing range, as before, of 360 months to life.

Mr. McKinney has now filed another motion to reduce his sentence under Amendment 782 (doc. 274) in which he asks the court to "reconsider" certain drug calculations made at the time of sentencing and further asks the court to "reconsider" the application of the four-level § 3B1.1(a) enhancement. The motion is dismissed because a reduction is simply not authorized. Mr. McKinney provides no argument or authority to support his request that the court "reconsider" the drug calculations that it made at the time of Mr. McKinney's sentencing. Indeed, the court is not authorized at this juncture to recalculate Mr. McKinney's sentence in the absence of a retroactively applicable amendment that lowers the Guidelines range, *see United States v. Mata-Rodriguez*, 632 Fed. Appx. 488, 491 (10th Cir. Dec. 5, 2015), and, as noted earlier, Amendment 782 does not lower the range in this case. The court cannot "consider

anew" the propriety of Mr. McKinney's sentence by broadly revisiting issues outside the confines of § 3582(c). With respect to Mr. McKinney's suggestion that the court should reconsider the application of the four-level enhancement, the court has previously rejected this same argument (see doc. 253) and does so again here. Suffice it to say, the fact that the Oklahoma matter upon which the court relied in applying the enhancement has since been dismissed has no bearing on the court's application of the enhancement because the facts underlying Mr. McKinney's Oklahoma arrest remain unchanged and relevant to the enhancement.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 274) is **dismissed.**

**IT IS SO ORDERED.**

Dated this 15th day of July, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge