# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                             Case No. 06-20078-01-JWL

**Jason McKinney,**

      **Defendant.**

## MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In March 2009, the court sentenced Mr. McKinney to 360 months' imprisonment on the first count and sixty months' imprisonment on the second count, to run consecutively. In November 2015, Mr. McKinney filed a motion to reduce his sentence in light of Amendment 782. The court dismissed that motion on the grounds that a reduction was not authorized because Amendment 782 did not have the effect of lowering Mr. McKinney's applicable guideline range.

In May 2016, Mr. McKinney filed another motion to reduce his sentence under Amendment 782 in which he asked the court to "reconsider" certain drug calculations made at the time of sentencing and further asked the court to "reconsider" the application of the four-level § 3B1.1(a) enhancement. The court dismissed that motion because Mr. McKinney did not identify a retroactively applicable amendment that would lower his Guidelines range and he was

essentially asking the court to revisit issues outside the confines of § 3582(c). Mr. McKinney has appealed that decision to the Tenth Circuit where it is currently pending.

Now, Mr. McKinney has filed a "motion for nunc pro tunc judgment" in which he again seeks a sentence reduction. The court, then, construes his motion as one filed under 18 U.S.C. § 3582(c)(2). Section 3582(c) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement permits a reduction only on the basis of amendments that are made retroactive in U.S.S.G. § 1B1.10(d) (formerly § 1B1.10(c)). *See Dillon v. United States*, 560 U.S. 817, 831 (2010).

According to Mr. McKinney, he is entitled to relief under Amendment 790, which clarified the circumstances in which acts of others involved in a jointly undertaken criminal activity can be attributed to the defendant for sentencing purposes. *See United States v. Bullock*, 2016 WL 7104911, at *1 (3d Cir. Dec. 6, 2016) (citing U.S.S.G. § 1B1.3). But because the Sentencing Commission has not listed Amendment 790 in § 1B1.10(d) as an amendment that applies retroactively, Mr. McKinney fails to meet § 3582(c)(2)'s second requirement. *See United States v. Egwuekwe*, 2016 WL 4928626, at *1 (3rd Cir. Sept. 16, 2016). Mr. McKinney contends that the court may nonetheless apply the amendment retroactively because it is merely a "clarifying" amendment rather than a "substantive" amendment. The Tenth Circuit, however, has held that the question of whether an amendment is clarifying or substantive may not be reached in connection with a § 3582(c) motion. *See United States v. Miles*, 245 Fed. Appx. 818,

821 (10th Cir. Aug. 23, 2007); *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003) (district court should have not reached question).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion for nunc pro tunc judgment, herein construed as a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) (doc. 284) is **dismissed.**

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
