# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                                                                        Case No. 06-20078-01-JWL

**Jason McKinney,**

      **Defendant.**

## MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In March 2009, the court sentenced Mr. McKinney to 320 months imprisonment on the first count and sixty months imprisonment on the second count, to run consecutively. The Tenth Circuit affirmed the court's judgment on appeal. Thereafter, this court denied in part and dismissed in part Mr. McKinney's motion to vacate under 28 U.S.C. § 2255. The Tenth Circuit agreed that Mr. McKinney was not entitled to relief under § 2255 and denied his request for a certificate of appealability.

This matter is presently before the court on Mr. McKinney's petition for writ of error audita querela under 18 U.S.C. § 1651 in which he continues his efforts to have this court modify his sentence in light of Amendment 790, which clarified the circumstances in which acts of others involved in a jointly undertaken criminal activity can be attributed to the defendant for sentencing purposes. Even assuming that the "ancient common law writ of audita querela"

remains available as a form of relief, *see United States v. Spring*, 614 Fed. Appx. 386 (10th Cir. 2015) (calling that assumption a "generous" one), Mr. McKinney is clearly not entitled to it. It has long been settled that a writ of audita querela is "not available to a petitioner when other remedies exist." *See id*. (citing *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002)). Other remedies clearly exist for Mr. McKinney to challenge his sentence and he has in fact pursued those remedies under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c). The fact that Mr. McKinney's efforts were not successful, or that § 2255 significantly restricts successive motions, does not render those avenues inadequate or ineffective. *See id*. Because he has not shown that other avenues of relief are inadequate or ineffective, Mr. McKinney has not established that he is entitled to the writ he seeks. *See id*. The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's petition for writ of error audita querela (doc. 288) is denied.

**IT IS SO ORDERED.**

Dated this 16th day of May, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge