IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

      Plaintiff,

v.                                  Case No. 06-20078-01-JWL

Jason McKinney,

      Defendant.

## MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In March 2009, the court sentenced Mr. McKinney to 320 months imprisonment on the first count and sixty months imprisonment on the second count, to run consecutively. The Tenth Circuit affirmed the court's judgment on appeal. In September 2011, this court denied in part and dismissed in part Mr. McKinney's motion to vacate under 28 U.S.C. § 2255. In April 2012, the Tenth Circuit agreed that Mr. McKinney was not entitled to relief under § 2255 and denied his request for a certificate of appealability. Most recently, this court denied Mr. McKinney's petition for writ of error audita querela and, in March 2018, the Circuit affirmed that decision.

This matter is now before the court on Mr. McKinney's motion pursuant to Federal Rule of Civil Procedure 60(b)(5) and (b)(6) to reopen and set aside the court's September 2, 2011 memorandum and order denying Mr. McKinney's claims for relief under § 2255. In support of

his motion, Mr. McKinney contends that the "inmate legal assistant" who assisted in the preparation of Mr. McKinney's § 2255 petition failed to raise two ineffective assistance claims in the petition.

A Rule 60(b) motion must be construed as a successive § 2255 petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Conversely, it is a "true" 60(b) motion if it either "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. at 1215–1216 (citations omitted). Mr. McKinney contends that he is challenging a defect in the integrity of the proceedings because he has "substantial" claims that were not raised in the habeas proceeding based on lack of counsel. But the Circuit has expressly indicated that Rule 60(b) motions that seek to present claims that were omitted from an initial habeas petition should be treated as second or successive habeas petitions. *See id*. at 1216. That is exactly the nature of the motion submitted by Mr. McKinney and the court, then, construes the motion as a successive § 2255 petition.

Mr. McKinney's motion, then, is subject to authorization under § 2255(h). Mr. McKinney has not obtained authorization from the Circuit to file a successive § 2255 motion and, thus, this court has no jurisdiction to resolve it. Moreover, because the petition does not appear to satisfy the authorization standard, it is not in the interests of justice to transfer the petition to the Tenth Circuit. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The court,

then, dismisses the motion for lack of jurisdiction.  Finally, because it is not debatable that Mr. McKinney's Rule 60(b) motion is actually a successive § 2255 motion that the court lacks jurisdiction to resolve, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion pursuant to Federal Rule of Civil Procedure 60(b)(5) and (b)(6) to reopen and set aside the court's September 2, 2011 memorandum and order denying Mr. McKinney's claims for relief under § 2255 (doc. 327) is **dismissed for lack of jurisdiction** and the court **denies a certificate of appealability.**

**IT IS SO ORDERED.**

Dated this  19th day of April, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
