# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

**v.**             Case No. 06-20078-01-JWL

**Jason McKinney,**

   **Defendant.**

## MEMORANDUM & ORDER

  In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In March 2009, the court sentenced Mr. McKinney to 320 months imprisonment on the first count and sixty months imprisonment on the second count, to run consecutively. The Tenth Circuit affirmed the court's judgment on appeal. In September 2011, this court denied in part and dismissed in part Mr. McKinney's motion to vacate under 28 U.S.C. § 2255. In April 2012, the Tenth Circuit agreed that Mr. McKinney was not entitled to relief under § 2255 and denied his request for a certificate of appealability.

  In April 2018, Mr. McKinney filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(5) and (b)(6) to reopen and set aside the court's September 2, 2011 memorandum and order denying Mr. McKinney's claims for relief under § 2255. The court construed the motion as a successive § 2255 petition and dismissed that unauthorized petition for lack of jurisdiction. Now, Mr. McKinney has a filed a motion to alter or amend the court's memorandum and order

dismissing Mr. McKinney's Rule 60(b)(5) and (b)(6) motion, asserting that his Rule 60(b) motion was a "true" Rule 60(b) motion rather than a successive petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (A Rule 60(b) motion is a "true" Rule 60(b) motion if it challenges a defect in the integrity of the federal habeas proceeding.). In essence, Mr. McKinney asserts that the fact that he was not represented by counsel during his initial habeas proceeding (and, therefore, failed to raise two ineffective assistance claims in that proceeding) necessarily constitutes a "defect" in that proceeding. The motion is summarily denied. *United States v. Gantt*, 2018 WL 447733, at *3 (D. Kan. Jan. 17, 2018) (absence of counsel during habeas proceeding is not a "defect" in that proceeding for purposes of construing Rule 60(b) motion as a "true" Rule 60(b) motion).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) (doc. 331) is denied.

**IT IS SO ORDERED.**

Dated this 8th day of May, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge