# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                        Case No. 06-20078-01-JWL

**Jason McKinney,**

    **Defendant.**

## MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In March 2009, the court sentenced Mr. McKinney to 320 months imprisonment on the first count and sixty months imprisonment on the second count, to run consecutively. The Tenth Circuit affirmed the court's judgment on appeal. In September 2011, this court denied in part and dismissed in part Mr. McKinney's motion to vacate under 28 U.S.C. § 2255. In April 2012, the Tenth Circuit agreed that Mr. McKinney was not entitled to relief under § 2255 and denied his request for a certificate of appealability.

In April 2018, Mr. McKinney filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(5) and (b)(6) to reopen and set aside the court's September 2, 2011 memorandum and order denying Mr. McKinney's claims for relief under § 2255. The court construed the motion as a successive § 2255 petition and dismissed that unauthorized petition for lack of jurisdiction. Thereafter, Mr. McKinney filed a motion to alter or amend the court's memorandum and order

dismissing Mr. McKinney's Rule 60(b)(5) and (b)(6) motion, asserting that his Rule 60(b) motion was a "true" Rule 60(b) motion rather than a successive petition. The court summarily denied that motion. In August 2018, the Circuit denied a certificate of appealability to appeal this court's denial of the motion to alter or amend and denied a certificate of appealability to appeal this court's decision construing the Rule 60(b) motion as an unauthorized successive petition.

Mr. McKinney has now filed two additional motions—a motion for the court to "certify final disposition on remaining claims unadjudicated under Rule 54(b) and (c)" (doc. 342) and a motion for correction of a "clerical error" in his presentence investigation report pursuant to Federal Rule of Criminal Procedure 36 (doc. 343). As will be explained, both motions are denied.

While the nature of Mr. McKinney's Rule 54(b) motion is not entirely clear, it appears to the court that Mr. McKinney is asserting that the court did not address each of Mr. McKinney's arguments raised in his April 2018 Rule 60(b) motion—namely, that he has presented a "true" Rule 60(b) motion under the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013)—and that the court must now address those arguments so that Mr. McKinney may properly appeal that order to the Circuit. The motion is denied because Rule 54(b) clearly does not apply in the context described by Mr. McKinney. Rule 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" in certain circumstances. The court resolved all of Mr. McKinney's claims in September 2011 when it ruled on Mr. McKinney's § 2255 petition.

Simply put, there are no remaining pending claims to resolve in this case and Rule 54(b) certification is unnecessary.

In his motion to correct, Mr. McKinney contends that his PSR contains false information concerning threats he made against the prosecutor assigned to his case. According to Mr. McKinney, this information has negatively affected his custody classification. Federal Rule of Criminal Procedure 36 provides that, upon notice, a "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Mr. McKinney has not identified a "clerical" error in the presentence report—he identifies only substantive information that he wants stricken from the report. Moreover, that information did not arise from an oversight or omission, but from a thorough factual investigation. Because Rule 36 is clearly not the proper vehicle for challenging the substance of the information in a presentence report, the motion is denied. *See United States v. Long*, 419 Fed. Appx. 845, 848 (10th Cir. 2011); *United States v. Simon*, 36 Fed. Appx. 415, 416 (10th Cir. 2002) (defendant sought to modify PSR's statement of factual basis for domestic battery conviction outlined as part of criminal history because that statement increased defendant's custody classification; Circuit affirmed denial of Rule 36 motion on grounds that Rule 36 was not proper vehicle to remove that information and defendant's asserted errors were not clerical in nature).

Having denied Mr. McKinney's motions, the court briefly turns to address the government's vague request that the court, in the future, strike all "repeated baseless filings" from the record. The request is denied. The government complains that it has previously sought filing restrictions in this case and that the court has failed to address those requests. But the

docket numbers referenced by the government in which it claims to have made those requests—documents 1857 and 1860—do not exist in this case. The court has reviewed the docket and sees no prior request from the government seeking filing restrictions. In any event, the government has not come close at this juncture to demonstrating that it has suffered any hardship in responding to Mr. McKinney's motions. In fact, the court routinely screens each of Mr. McKinney's motions and frequently resolves those motions without requiring a response from the government. See Docs. 273; 285; 287; 329; 332. In fact, this is the first occasion that the court has sought a response from the government concerning Mr. McKinney's efforts to reopen his § 2255 petition. Finally, the government has proposed no filing guidelines for the court to consider in connection with its request. The government's request, then, is rejected.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion for the court to certify final disposition on remaining claims unadjudicated under Rule 54(b) and (c) (doc. 342) is denied and Mr. McKinney's motion for correction of clerical error (doc. 343) is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge