# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                             Case No. 06-20078-01-JWL

**Jason McKinney,**

    **Defendant.**

## MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In March 2009, the court sentenced Mr. McKinney to 320 months imprisonment on the first count and sixty months imprisonment on the second count, to run consecutively. The Tenth Circuit affirmed the court's judgment on appeal. In September 2011, this court denied in part and dismissed in part Mr. McKinney's motion to vacate under 28 U.S.C. § 2255. In April 2012, the Tenth Circuit agreed that Mr. McKinney was not entitled to relief under § 2255 and denied his request for a certificate of appealability.

In April 2018, Mr. McKinney filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(5) and (b)(6) to reopen and set aside the court's September 2, 2011 memorandum and order denying Mr. McKinney's claims for relief under § 2255. The court construed the motion as a successive § 2255 petition and dismissed that unauthorized petition for lack of jurisdiction. Thereafter, Mr. McKinney filed a motion to alter or amend the court's memorandum and order

dismissing Mr. McKinney's Rule 60(b)(5) and (b)(6) motion, asserting that his Rule 60(b) motion was a "true" Rule 60(b) motion rather than a successive petition. The court summarily denied that motion. Mr. McKinney then filed a motion for the court to "certify final disposition on remaining claims unadjudicated under Rule 54(b) and (c)." The court denied that motion as well, on the grounds that Rule 54(b) simply did not apply in the context described by Mr. McKinney.

Mr. KcKinney has now filed a motion for clarification (doc. 355) in which he essentially seeks reconsideration of the court's ruling on his Rule 54(b) motion. According to Mr. McKinney, the court denied the motion because it found that Mr. McKinney's claims were already resolved in Mr. McKinney's § 2255 proceeding. Mr. McKinney is incorrect. The court denied the motion because the concept of Rule 54(b) certification has no application in the context of this case. As expressed by Mr. McKinney, Mr. McKinney seeks a ruling which would allow any "defaulted claims" to be heard by the court. But Rule 54(b) is not the procedural vehicle to achieve that result. Any relief with respect to the claims identified in Mr. McKinney's motion must be through a successive § 2255 petition.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion for clarification (doc. 355) is denied.

**IT IS SO ORDERED.**

Dated this 11th day of February, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge