# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                                                                    Case No. 06-20078-01-JWL

**Jason McKinney,**

    **Defendant.**

## MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). At Mr. McKinney's sentencing hearing in March 2009, the court calculated a base offense level of 38 after converting quantities of cocaine and cocaine base to more than 56,000 kilograms of marijuana. Mr. McKinney then received a two-level reduction pursuant to Application Note 10(D) of U.S.S.G. § 2D1.1 because the offense involved cocaine base and another controlled substance, bringing the offense level to 36. Ultimately, the court calculated an adjusted offense level of 42 after applying a four-level enhancement under U.S.S.G. § 3B1.1(a) based on Mr. McKinney's role in the offense and a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. With a criminal history category of V, the guidelines provided a sentencing range of 360 months to life. The court sentenced Mr.

McKinney to 360 months imprisonment on the first count and 60 months imprisonment on the second count, to run consecutively, for a total term of 420 months.[1]

Mr. McKinney now seeks relief under section 404 of the First Step Act of 2018, which authorizes a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3 of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine. *See id*.

The parties agree that if the Fair Sentencing Act of 2010 was in effect at the time of Mr. McKinney's offense, Mr. McKinney's guideline range would remain unchanged. Mr. McKinney, however, contends that the First Step Act authorizes plenary resentencing such that the court may consider evidence of Mr. McKinney's rehabilitation since his sentencing to support a downward variance from the advisory guidelines range. The government opposes the motion, arguing that the First Step Act does not contemplate or authorize plenary resentencing. According to the government, Mr. McKinney's motion must be denied because his guideline range is unchanged despite the application of the Fair Sentencing Act of 2010.

---

[1] The Tenth Circuit affirmed the court's judgment on appeal. In September 2011, this court denied in part and dismissed in part Mr. McKinney's motion to vacate under 28 U.S.C. § 2255. In April 2012, the Tenth Circuit agreed that Mr. McKinney was not entitled to relief under § 2255 and denied his request for a certificate of appealability.

As will be explained, the court agrees with the majority of courts that have addressed this issue and concludes that the First Step Act does not authorize a full resentencing but only an adjustment of an otherwise final sentence—a "recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted." *See United States v. Lewis*, 2019 WL 1923047, at *23 (D.N.M. Apr. 30, 2019) (quoting *United States v. Davis*, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) and citing *United States v. Sampson*, 360 F. Supp. 3d 168, 171 (W.D.N.Y. 2019) (stating that "a full resentencing is neither required nor called for" by the First Step Act); *United States v. Potts*, 2019 WL 1059837, at *2 (S.D. Fla. March 6, 2019) (concluding that all determinations made at the time of sentencing other than those relating to recalculation of imprisonment time based on the Fair Sentencing Act's sections 2 and 3 must remain unchanged); *United States v. Logan*, 2019 WL 498519, at *1 (D. Kan. Feb. 8, 2019) (denying motion where First Step Act did not impact defendant's Guidelines range)). Thus, because a recalculation of Mr. McKinney's Guidelines numbers under the Fair Sentencing Act results in the same Guideline range as applied to Mr. McKinney at his initial sentencing, the court declines to reduce Mr. McKinney's sentence and denies his motion.

Mr. McKinney's motion is brought pursuant to 18 U.S.C. § 3582(c)(1)(B), which permits modification of an imposed term of imprisonment to the extent "expressly permitted by statute." The court agrees—and the government does not dispute—that this provision is the appropriate vehicle for sentence reductions sought under the First Step Act. *See United States v. Ward*, 2019 WL 1620439, at *3 n.4 (D. Kan. Apr. 16, 2019) (citing *Davis*, 2019 WL 1054554, at *2 (collecting cases)); *accord United States v. Glover*, ___ F. Supp. 3d ___, 2019 WL 1924706, at

*7 (S.D. Fla. May 1, 2019); *United States v. Fields*, 2019 WL 1900373, at *2 (D.N.M. Apr. 29, 2019); *United States v. Brown*, 2019 WL 1895090, at *2 (D. Minn. Apr. 29, 2019); *United States v. Wooters*, 2019 WL 1897085, at *3 (S.D. Ill. Apr. 29, 2019).

The only question, then, is whether the relevant statute—the First Step Act of 2018—"expressly permits" plenary resentencing as urged by Mr. McKinney, for he does not dispute that his Guideline range does not change through retroactive application of the Fair Sentencing Act. As noted earlier, section 404(b) of the First Step Act provides that a district court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Mr. McKinney argues that this language places no limit on the extent to which the court may reduce a sentence and places no restriction at all on what a court may consider in imposing a reduced sentence. Mr. McKinney further asserts that Congress's use of the word "impose" signals an intent to authorize plenary resentencing and that if Congress had intended to condition eligibility to cases in which the guideline range had been lowered, it would have expressly indicated that intent.

Mr. McKinney has not directed the court to any case that is factually analogous to the one here—that is, one in which the defendant's advisory guideline range stayed the same after an application of the First Step Act and yet the court engaged in plenary resentencing.[2] The most analogous case that the court has found is *United States v. Glover*, ___ F. Supp. 3d ___ 2019

---

[2] The court has found one case in which a defendant's Guideline range stayed the same despite retroactive application of the Fair Sentencing Act but the court nonetheless granted a reduced sentence under the First Step Act. In *United States v. Stanback*, 2019 WL 1976445, at *5 (W.D. Va. May 2, 2019), the court held that a reduction was appropriate under § 3582(c)(2)—not § 3582(c)(1)(B) as Mr. McKinney urges here—despite the fact that the defendant's guideline range was not lowered by the First Step Act because the defendant was sentenced pre-*Booker* when the Guidelines were mandatory.

WL 1924706 (S.D. Fla. May 1, 2019). In that case, the defendant's Guidelines range at the time of his initial sentencing was 360 months to life imprisonment and the court sentenced him to 360 months imprisonment. *Id.* at *2-3. In resolving the defendant's motion for a reduction under the First Step Act, the court, over the defendant's objection, held that the Fair Sentencing Act of 2010 had no impact on his sentence because his guideline range under retroactive application of the Fair Sentencing Act remained 360 months to life imprisonment. *Id.* at *6-9. The court then held that the defendant was not entitled to a full resentencing under § 3582(c)(1)(B). Beginning with the statutory language, the court explained:

> The Court must construe a criminal statute narrowly and according to its plain meaning, and where "the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc). Here, Section 3582(c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." (Emphasis added.) In turn, pursuant to Section 404(b) of the First Step Act of 2018, the Court "may impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 (emphasis added). As stated previously, Section 2 of the Fair Sentencing Act expressly increased the amount of crack cocaine necessary to invoke the mandatory minimum sentences and the statutory maximum sentences under Section 841(b); Section 3 eliminated the mandatory minimum sentence for simple possession of crack cocaine.

*Id.* at *9. The court concluded that "nothing in the plain language" of the First Step Act expressly authorized the court to conduct a full resentencing. The *Glover* court went on to explain that the "understanding of Section 3582(c)(1)(B) as a narrow exception to the rule of finality that does not allow for a full do novo resentencing finds further support in the Federal Rules of Criminal Procedure." *Id.* at *10. Specifically,

5

> Rule 43 requires that a defendant be present at "sentencing," Fed. R. Crim. P. 43(a)(3), but does not require that a defendant be present if "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(b)(4). Like Section 3582(c), Rule 35 authorizes a court to correct or reduce a sentence in a limited set of circumstances: first, it authorizes a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing, Fed. R. Crim. P. 35(a); and second, it authorizes a court to reduce a sentence for substantial assistance upon the government's motion, Fed. R. Crim. P. 35(b). The fact that Rule 43(a)(3) requires the defendant's presence for sentencing while under Rule 43(b)(4) the defendant's presence is not required for Section 3582(c) and Rule 35 proceedings is based on the distinction that 3582(c) and Rule 35 proceedings are narrow in scope and are not full, de novo resentencing proceedings. *See Dillon*, 560 U.S. at 827-28 (finding the fact that Rule 43 distinguishes Section 3582(c) and Rule 35 from all other sentencing proceedings supports the understanding that Section 3582(c)(2) is "a narrow exception to the rule of finality" during which the Sixth Amendment interests identified in *United States v. Booker*, 543 U.S. 220 (2005) do not apply).

*Id*. Ultimately, then, the court determined that the defendant was not entitled to a reduction under § 3582(c)(1)(B) because a retroactive application of the Fair Sentencing Act did not lower the applicable guideline range. *Id*. at *13; *accord United States v. Caldwell*, 2019 WL 1923908, at *1-2 (N.D. Ohio Apr. 30, 2019) (no reduction warranted where guideline range did not change and sentence remained justified by considerations previously set forth in plea agreement and discussed at original sentencing).

In those cases in which a defendant's guideline range has been lowered by retroactive application of the Fair Sentencing Act, the majority of courts have simply recalculated that defendant's sentence and have refused to engage in plenary resentencing, finding that plenary resentencing is not authorized by § 3582(c)(1)(B) or the First Step Act. In *United States v. Davis*, 2019 WL 1054554 at *2 (W.D.N.Y., Mar. 6, 2019), the court found that the Act "contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing

6

Act and a possible sentencing reduction consistent therewith, if warranted." Judge Skretny observed that "[n]owhere does the Act expressly permit the type of plenary resentencing or sentencing anew that [the defendant] advocates." *Id.* Similarly, in *United States v. Potts*, 2019 WL 1059837 at *2 (S.D. Fla., Mar. 6, 2019), the court held that a defendant is not entitled to a full resentencing during a § 3582(c) proceeding; that § 3582(c) does not give a court "jurisdiction to consider extraneous resentencing issues," and that "original sentencing determinations remain unchanged" in a § 3582(c) resentencing. *Id*. The court found that the First Step Act did not "expressly" provide for plenary resentencing or reconsideration of prior sentencing decisions but simply authorized a court to "reimpose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements were in effect at the time the covered offense was committed. *Id.; accord United States v. Lawson*, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019) ("[N]othing in the First Step act anticipates a full re-sentencing . . . other than the retroactive application of the reduced penalties for crack cocaine set out in the Fair Sentencing Act."); *United States v. Glore*, 2019 WL 1761581, at *5 (E.D. Wis. Apr. 22, 2019) (agreeing with other courts that First Step Act does not expressly permit the court to conduct a plenary resentencing); *United States v. Russo*, 2019 WL 1277507 at *1 (D. Neb. Mar. 20, 2019) (rejecting argument that First Step Act authorized full resentencing in part because "it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010"); *United States v. Sampson*, 360 F. Supp. 3d 168, 170 (W.D.N.Y. 2019) (a full resentencing is "neither required nor called for").

Significantly, the *Potts* court also rejected an argument made by Mr. McKinney here—that by using the word "impose," the First Step Act allows courts to conduct full resentencings. As noted by the *Potts* court, the Act's use of the word "impose" must be read in context: "The First Step Act authorizes a court to 'impose a reduced sentence,' and otherwise refers to a proceeding to 'reduce' a sentence." *Potts*, 2019 WL 1059837, at *3. Read in that context, the *Potts* court concluded that the word "impose" did not invite a plenary resentencing. *See id.* Following *Potts*, other courts have agreed that Congress's use of the word "impose" did not signal authorization for a full resentencing. *See Glore*, 2019 WL 1761581, at *5; *United States v. Rivas*, 2019 WL 1746392, at *8 (E.D. Wis. Apr. 18, 2019).

The cases referenced above have carefully considered the statutory language of both § 3582(c)(1)(B) and the First Step Act of 2018 and have persuasively concluded that plenary sentencing under the First Step Act is not authorized. Those cases also persuasively look to the Federal Rules of Criminal Procedure for further support that full resentencings are not contemplated by § 3582(c)(1)(B) or the First Step Act. The court also specifically endorses that portion of the *Russo* opinion in which the court emphasized that the First Step Act simply cannot anticipate a full resentencing because to engage in a full sentencing would work an injustice to past offenders who did not have a crack cocaine conviction. 2019 WL 1277507 at *1. Moreover, while the Tenth Circuit has not addressed this issue, it has rejected plenary resentencing under other § 3582(c) proceedings. *See United States v. Quary*, 881 F.3d 820, 822-23 (10th Cir. 2018) (discussing distinction between sentence reductions and sentencings). For all of these reasons, the court believes that the Circuit, if faced with the issue, would conclude that Mr. McKinney is not entitled to a full resentencing under the First Step Act and, because

8

retroactive application of the Fair Sentencing Act does not impact Mr. McKinney's Guidelines calculation, would conclude that his motion for a reduction should be denied.

The cases cited by Mr. McKinney do not convince the court otherwise. In *United States v. Powell*, 360 F. Supp. 3d 134 (N.D.N.Y. 2019), the defendant moved pursuant to the First Step Act of 2018 to reduce his mandatory minimum sentence of life imprisonment. *Id*. at 135-36. Retroactive application of the Fair Sentencing Act of 2010 reduced the defendant's statutory life sentence to a range of 10 years to life on one count and zero to thirty years on other counts. *Id*. at 138. The court, then, had the authority to "remove the unfair and unjust life sentence that was required to be imposed in 2006" and resentence that defendant within the new range. *Id*. at 138-40. In reducing the defendant's sentence to time served, the court reviewed the § 3553(a) factors as well as the defendant's post-incarceration progress in determining the extent to which the sentence should be reduced. *Id*. at 140. *Powell*, then, is clearly distinguishable from the facts here because the defendant had been sentenced to a mandatory life sentence, which was lowered by retroactive application of the Fair Sentencing Act.[3]

Mr. McKinney also cites *United States v. Dodd*, ___ F. Supp. 3d ___, 2019 WL 1529516, at *1-2 (S.D. Iowa Apr. 9, 2019). In that case, a reduction was appropriate because the First Step Act reduced the defendant's mandatory minimum sentence from life in prison to

---

[3] The *Powell* court's review of the §3553(a) factors in determining the extent of the reduction warranted is no different than what courts are required to do in § 3582(c)(2) cases in which a reduction is authorized. *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (once a court determines that a reduction is authorized under § 3582(c)(2), the court looks to the § 3553(a) factors to see whether the authorized reduction is warranted). But the Tenth Circuit has expressly held that a district court, in reviewing the 3553(a) factors, is not required to consider evidence of post-sentencing rehabilitation in sentence-modification proceedings. *See United States v. Verdin-Garcia*, 824 F.3d 1218, 1222 (10th Cir. 2016).

ten years and the defendant's Guidelines range was also lowered. Interestingly, however, the court in that case did not engage in a full resentencing and simply resentenced the defendant at the middle of the new Guidelines range, finding that the mid-point of the range was consistent with the § 3553(a) sentencing factors. *Id*. at *3; *accord United States v. Clarke*, 2019 WL 1140239, at *2-3 (W.D. Va. Mar. 12, 2019) (First Step Act reduced the defendant's mandatory minimum life sentence to a ten-year mandatory minimum; government did not object to reduced sentence of time served).[4]

In his reply brief, Mr. McKinney directs the court to *United States v. Shelton*, 2019 WL 1598921, at *1-2 (D.S.C. Apr. 29, 2019). In that case, the district court held that because the statutory mandatory minimum sentence applicable to the offense was lowered by the Act, the defendant was at least potentially eligible for a reduction—despite the fact that the defendant's guideline range was well above the statutory minimum such that the statutory minimum did not affect the defendant's sentence. *Id.*; *but see United States v. Caldwell*, 2019 WL 1923908, at *1-2 (N.D. Ohio Apr. 30, 2019) (denying motion where First Step Act reduced statutory range but did not impact defendant's Guidelines range); *United States v. Logan*, 2019 WL 498519, at *1 (D. Kan. Feb. 8, 2019) (same).[5] But while the *Shelton* court initially indicated that the

---

[4] Other cases cited by Mr. McKinney are not helpful to the court because the government either consented to the requested relief, *see United States v. Fountain*, 2019 WL 637715, at *1-2 (W.D.N.C. Feb. 14, 2019), or the parties agreed that a reduction was authorized and disputed only the extent of the reduction warranted in light of the factors set forth in § 3553(a), *see United States v. Newton*, 2019 WL 1007100, at *2-5 (W.D. Va. Mar. 1, 2019).

[5] Moreover, the *Shelton* court rejected the defendant's argument that he was entitled to "plenary resentencing," concluding that neither the First Step Act nor the Fair Sentencing Act expressly provided for that process. *Shelton*, 2019 WL 1598921, at *2. Mr. McKinney's argument that he is entitled to a full resentencing, then, is not supported by *Shelton*.

defendant's guideline range was unchanged, *id.* at *3, the court held in a subsequent order reducing the defendant's sentence that the defendant's range had been lowered and then imposed a new sentence at the high end of the new range. *See* May 2, 2019 Order in *United States v. Shelton*, No. 3:07-329, at *1 (ECF Doc. 146).[6] *Shelton*, then, does not necessarily support the argument advanced by Mr. McKinney—that a reduction is appropriate even when a Guidelines range stays the same so long as the statutory range is lowered. And even assuming that Mr. McKinney's statutory range has been lowered (an issue which the parties do not address, presumably because that range has no impact on Mr. McKinney's Guidelines range) and the court determined that a reduced statutory range was sufficient to authorize a reduction under § 3582(c)(1)(B) and the First Step Act, the court would nonetheless exercise its discretion to hold that a reduction was not warranted because Mr. McKinney's Guidelines range has not changed. See First Step Act of 2018, Pub. L. 115-391, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

For the foregoing reasons, Mr. McKinney's motion to reduce sentence (doc. 371) is denied.

---

[6] In the opinion cited by Mr. McKinney, the court indicated it would determine whether to impose a reduced sentence based on the reduced statutory range, the guideline range, the § 3553(a) factors and any evidence of post-sentencing mitigation. Id. at *3. It directed the parties to file supplemental briefs on those issues by April 29, 2019. The docket reflects that the government did not file a supplemental brief. In the order reducing the defendant's sentence, the court stated that "if Defendant were sentenced today, his statutory sentencing range would be five to 40 years and his guideline range would be 188-235 months because he would still be a career offender."

11

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McKinney's motion for sentencing reduction under the First Step Act (doc. 371) is denied.

**IT IS SO ORDERED.**

Dated this 9th day of May, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge