# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                             Case No. 06-20078-JWL

Jason McKinney,

        Defendant.

## MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). At Mr. McKinney's sentencing hearing in March 2009, the court calculated a base offense level of 38 after converting quantities of cocaine and cocaine base to more than 56,000 kilograms of marijuana. Mr. McKinney then received a two-level reduction pursuant to Application Note 10(D) of U.S.S.G. § 2D1.1 because the offense involved cocaine base and another controlled substance, bringing the offense level to 36. Ultimately, the court calculated an adjusted offense level of 42 after applying a four-level enhancement under U.S.S.G. § 3B1.1(a) based on Mr. McKinney's role in the offense and a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. With a criminal history category of V, the guidelines provided a sentencing range of 360 months to life. The court sentenced Mr. McKinney to 360 months imprisonment on the first count and 60 months imprisonment on the second count, to run consecutively, for a total

term of 420 months.  He is presently incarcerated at FCI La Tuna and his projected release date is July 28, 2036.

This matter is now before the court on defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 383).  Section 3582(c)(1)(A) provides that a court, after considering the applicable § 3553(a) factors,[1] may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons" warrant the reduction and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission, as authorized by 28 U.S.C. § 994(t), has recognized four categories of "extraordinary and compelling reasons."  *See* U.S.S.G. § 1B1.13, comment n.1. These include the defendant's medical condition, age, family circumstances, and a catch-all, "other reasons."  *See United States v. Gieswein*, 832 Fed. Appx. 576, 577 (10th Cir. Jan. 5, 2021).[2]  The moving defendant bears the burden of establishing that "compassionate release" is warranted under § 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases). [3]

---

[1] The court declines to address the § 3553(a) factors in this case because it concludes that defendant has not shown extraordinary and compelling reasons for release.

[2] The court recognizes "that some courts have concluded that passage of the First Step Act has reduced—or even eliminated—the relevance of the Sentencing Commission's policy statement." *See United States v. Pinson*, 2020 WL 7053771, at *3 n.5 (10th Cir. Dec. 2, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *2–3 (D. Me. July 11, 2019) (collecting cases)).  The Tenth Circuit has not addressed the issue but "has continued to refer to it in deciding challenges related to § 3582(c)(1)."  *See id.*  For purposes of defendant's motion, the court assumes without deciding that it may consider each of defendant's arguments for compassionate release and not just those reasons outlined in the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13.

[3] A defendant may file a motion for reduction of a term of imprisonment after the defendant has fully exhausted all administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  The government

In his motion, defendant contends that two extraordinary and compelling reasons warrant his immediate release.  First, he contends that a prior lung injury (from a stabbing in 2005) renders him particularly vulnerable to an increased risk of serious harm or death from COVID-19, particularly in light of the conditions of confinement at his correctional facility.  Second, he contends that, if sentenced today, he would not be subject to a sentence enhancement under 21 U.S.C. § 851 and, accordingly, would face a much lesser sentence.  As will be explained, the court rejects both arguments.

The record does not support defendant's contention that he faces an increased risk of harm from COVID-19 in light of his prior lung injury.  Significantly, the record reveals that defendant, on November 12, 2020, tested positive for COVID-19.  While the medical records indicate that defendant was "asymptomatic" at the time he tested positive, defendant contends that he had a fever and cough; that he had trouble breathing; and that he lost his sense of smell.  But there is no evidence that defendant suffered any serious ill effects as a result of contracting COVID-19 and the record reflects that he recovered without any serious complications.  He summarily asserts that he "still has not recovered 100%," but there is no indication that defendant requires ongoing medical treatment.  Even assuming that defendant could or would contract COVID-19 a second time,[4] there is no reason to believe he would experience an adverse outcome given his experience

concedes that defendant has exhausted his administrative remedies.  The court, then, exercises jurisdiction over the motion and proceeds to the merits.

[4] See *Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020) (while some reinfections are expected, cases of reinfection with COVID-19 remain rare); *see also United States v. Keys*, 2020 WL 6700412, at *3 (E.D. Cal. Nov. 13, 2020) ("While a CDC representative recently has suggested that based on current evidence reinfections are likely uncommon within 3 months, this observation is not so

in November.  *See United States v. Funez*, 2021 WL 168447, at *3 (D. Colo. Jan. 19, 2021) (finding it significant that the defendant had already contracted COVID-19 and recovered without incident); *United States v. Rodriguez-Maciel*, 2021 WL 147985, at *2 (D. Kan. Jan. 15, 2021) (general fear of reinfection not sufficient to warrant compassionate release where defendant recovered from COVID-19); *United States v. Simpson*, 2021 WL 147986, at *2 (D. Kan. Jan. 15, 2021) (same).

And even assuming that he contracted COVID-19 a second time and that the second time has the potential to be more serious, defendant is still not eligible for compassionate release because he has not shown that his particular medical condition warrants it.  The medical condition identified by defendant is not recognized as a risk category according to the CDC and is not among the conditions that "might" give rise to an increased risk of complications from the virus. *See* CDC, *Coronavirus Disease 2019 (COVID-19): People of Any Age with Underlying Medical Conditions*,      https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed March 4, 2021). The record before the court does not suggest any complications or any residual issues stemming from defendant's 2005 lung injury. There is simply nothing in the record indicating that he has required care or treatment for that lung injury or that his injury places him at an increased risk of harm or death from COVID-19.  *See United States v. Nigg*, 2021 WL 409732, at *2 (E.D. Wisc. Feb. 5, 2021) (history of traumatic lung injury did not constitute extraordinary and compelling reason for release; "absent special vulnerability, most people recover fully from COVID-19 in a reasonably short period of time");

_____

conclusive so as to provide clarity regarding whether someone who has been infected is immune for any period of time, no matter how brief.").

*United States v. Massey*, 2020 WL 6449318 (S.D. Fla. Nov. 3, 2020) (denying motion for compassionate release where defendant did not show that medical condition placed him at special risk for COVID-19 and his recovery from COVID-19 infection was "significant because it also demonstrates his ability to tolerate and recover from coronavirus").  For the foregoing reasons, defendant has not shown that his lung injury constitutes an extraordinary and compelling reason sufficient for this court to consider early release under the statute.

Defendant also contends that the court should reduce his sentence because he received an § 851(a)(1) enhancement that he would not receive if he were sentenced today.  Specifically, he received an § 851(a)(1) enhancement based on a previous Texas conviction for delivery of a controlled substance.  Although he was sentenced to two years, he served only about seven months for that conviction.  Under the new benchmark for § 851 enhancements, this offense would not qualify as a "serious drug felony" because he served less than twelve months. *See United States v. Nichols*, 2020 WL 6134467, at *4 (D. Kan. Oct. 19, 2020) (citing 21 U.S.C. §§ 802(57), 841(b)(1)(A); *United States v. Day*, 474 F. Supp. 3d 790, 795-96  (E.D. Va. July 23, 2020) (explaining that First Step Act changed what qualifies as an § 851 predicate offense to a "serious drug felony," defined as an offense for which an offender actually served a term of imprisonment of more than one year, instead of an offense that is punishable by imprisonment of more than one year)).

But while defendant was subject to the enhancement and the resulting 20-year mandatory minimum sentence, the § 851 enhancement did not affect his actual sentence because the advisory Guidelines range was substantially higher than the mandatory minimum sentence.  In other words, the court did not rely on the provisions of 21 U.S.C. § 851 in calculating defendant's sentence

and, accordingly, there is simply no sentence disparity despite the change in the law concerning qualifying offenses for purposes of § 851 enhancements.  Because defendant has not shown that he received a harsher sentence than he would receive if he were sentenced today, he has not shown an extraordinary and compelling reason for release.

Finally, defendant also seems to suggest that he was sentenced too harshly in light of disparities between sentences for crack and powder cocaine offenses that have since been rectified.  In May 2019, this court concluded that a sentence reduction was not warranted based on that disparity because, as the parties agreed, defendant's guideline range would remain unchanged despite the application of the Fair Sentencing Act of 2010.  Defendant has appealed that decision and the appeal is pending before the Circuit.  The court, then, lacks jurisdiction to consider this specific sentencing disparity argument because it is intertwined with the issues on appeal and the motion is dismissed to this limited extent.  *See United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 383) is denied in part and dismissed in part.

**IT IS SO ORDERED.**

Dated this 4th  day of March, 2021, at Kansas City, Kansas.


_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge

6