## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                          **Case No. 06-20078-JWL**

**Jason McKinney,**

        **Defendant.**

## <u>MEMORANDUM & ORDER</u>

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The court sentenced defendant to 360 months imprisonment on the first count and 60 months imprisonment on the second count, to run consecutively, for a total term of 420 months.

In April 2022, the court granted in part defendant's motion for a sentence reduction under § 404 of the First Step Act and reduced defendant's sentence to 292 months on Count 1, for a total term of 352 months. At the same time, the court denied in part and dismissed in part defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Specifically, the court denied the motion to the extent defendant argued that a sentence reduction was warranted based on Amendment 790 and his rehabilitation while in BOP custody. The court held that defendant had not come forward with extraordinary and compelling reasons sufficient to warrant a reduction and, in any event, a reduction was inconsistent with the applicable § 3553(a) factors. The court dismissed the motion to the extent defendant argued for a sentence reduction on the grounds that

the prosecutor at trial solicited false testimony about drug quantities. The court concluded that the argument must be asserted in the context of a § 2255 petition and that the court lacked jurisdiction to consider it. In May 2022, defendant filed a notice of appeal with respect to the court's decision on defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

This matter is now before the court on defendant's pro se renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 427). In this motion, defendant raises one new argument—that his body mass index, race, and history of smoking, in combination, constitutes an extraordinary and compelling reason for compassionate release in light of the COVID-19 pandemic. But he also continues to argue that Amendment 790, his rehabilitative efforts, and the "unreliable" testimony about drug quantities are sufficient to warrant a sentence reduction. As will be explained, the motion is denied in part and dismissed in part.

The court begins with—and rejects—defendant's argument that his body mass index (27), race and history of smoking, taken together, constitutes an extraordinary and compelling reason for release in light of the pandemic. Significantly, the record reveals that defendant has refused a COVID-19 vaccine. In *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021), the Circuit found that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release." *Id*. Rather, that prisoner's risk is "self-incurred." *Id*. Writing for the panel, Judge Easterbrook rejected the "prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id*. Judge Easterbrook summarized his holding as follows:

2

Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id*. While the Tenth Circuit has not yet addressed this specific issue, this court has concluded, like the vast majority of courts that have addressed the issue, that Judge Easterbrook's approach is a reasonable one. Because defendant refused a vaccine and has not offered any reasonable explanation for that refusal,[1] he cannot establish an extraordinary and compelling reason for a sentence reduction based on COVID-19. *See United States v. Clemons*, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) (reiterating that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability "to receive or benefit from a vaccine"); *United States v. Estevez-Ulloa*, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) ("Inmates who refuse the vaccine without just cause forgo a powerful protection against illness; they cannot claim that they are at serious risk while declining a potent tool to reduce that very risk."); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[I]f an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction . . . on the grounds that COVID-19 constitutes an extraordinary and compelling justification."); *United States v. Leslie*, 2022 WL 218619, *3 (D.

---

[1] In his reply, defendant asserts that he refused the vaccine for "religious" reasons, which he does not explain, and based on his purported concerns about the vaccine's efficacy and side effects.

Colo. Jan. 24, 2022) (courts are reluctant to find extraordinary and compelling circumstances relating to COVID-19 when a defendant has refused vaccination) (collecting cases).

Defendant suggests that he remains vulnerable to severe infection in light of the highly contagious Omicron subvariants and he contends that the vaccines are ineffective against those subvariants such that his refusal to get vaccinated is irrelevant.  While the court acknowledges the recent spread of the highly contagious Omicron subvariants and the risk of infection despite vaccinations and earlier infections, these circumstances reflect that the risk of infection is not limited to BOP facilities. *See United States v. Woodley*, 2022 WL 2467730, at *6 (W.D. Penn. July 6, 2022) (incarcerated individual may not be safer if released to the general population in light of increased infection rates and Omicron subvariants) (collecting cases). Moreover, while current vaccines may not provide robust protection against infection from Omicron subvariants, current vaccines nonetheless protect against severe illness, hospitalization and death from Omicron.  The court also finds it significant that defendant has had two Covid infections, in November 2020 and January 2022.  The record reflects that defendant remained asymptomatic throughout his January 2022 infection.  This, of course, cuts against his argument that he is at in increased risk of harm.  In short, the court finds that defendant has not set forth an extraordinary or compelling reason justifying compassionate release. *See id*.  And in any event, as the court explained in its prior order, a sentence reduction remains inconsistent with the applicable § 3553(a) factors.

The court turns, then, to those issues that were already addressed by the court in its April 2022 memorandum and order—namely, defendant's arguments that Amendment 790, his rehabilitative efforts, and the "unreliable" testimony about drug quantities are sufficient to warrant

4

a sentence reduction.  The government contends, and the court agrees, that defendant's previously filed notice of appeal divests the court of jurisdiction to resolve this aspect of defendant's motion. Under the Federal Rules, a district court can proceed to resolve some matters simultaneously with the appellate court's consideration of an appeal. *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011).  For example, Federal Rule of Appellate Procedure 4(b)(5) gives the district court concurrent jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a). *See id*.  The Appellate Rules also specify certain motions that toll the time to file a notice of appeal, and the effect of a notice of appeal is suspended while such a motion is under consideration by the district court. *Id*. (citing Fed. R. App. P. 4(a)(4)(B)(i) (civil appeals); *id*. 4(b)(3)(B) (criminal appeals); *id*. advisory committee's note, 1993 Amendment ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.")).  In addition, "appellate courts have carved out further exceptions to the general rule that allow district courts to address certain matters when judicial efficiency is thereby enhanced." *Id*. District courts "may act in aid of the court of appeals' exercise of its jurisdiction," and may address "matters that are not comprehended within the appeal." *Id*. at 1226-27 (citations omitted); *see also Burns v. Buford*, 448 Fed. Appx. 844, 847 (10th Cir. 2011) ("A district court may, in line with *Madrid* and related cases, act in aid of an appeal—for example, by resolving a collateral matter—but it may not vacate the order that is the basis for the appeal.").

5

None of these exceptions permits the court, after the filing of a notice of appeal, to reconsider its order denying defendant's motion for compassionate release.[2] Under Federal Rule of Criminal Procedure 37, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). This rule, however, does not apply because defendant's motion to reconsider was not timely filed in the first instance. *See United States v. Warren*, 22 F.4th 917, 926 (10th Cir. 2022) (14-day time limit to file motions for reconsideration in criminal proceedings).  Here, defendant's motion was filed more than three months after the court issued its memorandum and order.  The court, then, dismisses this part of defendant's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 427) is **denied in part and dismissed in part**.

**IT IS SO ORDERED.**

Dated this _9th_ day of September, 2022, at Kansas City, Kansas.

---

[2] Despite the fact that defendant has labelled the motion a "renewed" motion, this aspect of the motion clearly constitutes a motion to reconsider.

s/ John W. Lungstrum
_____
John W. Lungstrum
United States District Judge