IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

  **Plaintiff,**

**v.**                **Case No. 06-20078-JWL**

**Jason McKinney,**

  **Defendant.**

### MEMORANDUM AND ORDER

On September 18, 2023, defendant filed a pro se Notice of Constitutional Challenge of Federal Statute 21 U.S.C. § 841(a)(1) and 21 C.F.R. § 1306.04(a) (doc. 437). He asks the court to certify his challenge to the United States Attorney General pursuant to Federal Rule of Civil Procedure 5.1(b). The request is denied. Federal Rule of Civil Procedure 5.1 does not create a new or separate cause of action or a basis for relief. *See Lee v. United States,* 2007 WL 1111250, at *2 n.1 (S.D. Fla. 2007). That rule requires that if a party is making a constitutional challenge to a federal statute and the United States is not a party to a suit, then the court must inform the Attorney General in order to allow the United States the option to intervene. *See id.* In other words, Rule 5.1 provides an avenue for a party in an existing civil suit to challenge the constitutionality of a statute. *See Mayes v. Hunter*, 2021 WL 1773519, at *3 (W.D. Okla. Apr. 1, 2021).

The rule, then, has no application to this closed criminal case. *See United States v. Lusk*, 2023 WL 145002, at *6 (E.D. Mich. 2023) (overruling criminal defendant's purported constitutional challenge under Federal Rule of Civil Procedure 5.1); *United States v. Cooper*, 2018

WL 988072, at *1 (E.D. Ky. 2018) (denying motion that invoked Federal Rule of Civil Procedure 5.1 as irrelevant to criminal proceeding).[1]

Perhaps recognizing that Rule 5.1 has no application in his criminal case, defendant has also moved to "supplement the parties in the caption" (doc. 449) by adding the Warden at his facility to the caption and adding "a civil case number . . . to reflect the parties and the cause of action are civil." This motion is moot because while the motion was pending defendant filed a separate civil case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Notice of Constitutional Challenge of Federal Statute 21 U.S.C. § 841(a)(1) and 21 C.F.R. § 1306.04(a) (doc. 437) is **denied** and defendant's motion for leave to supplement the parties in the Caption (doc. 449) is **moot.**

**IT IS SO ORDERED.**

Dated this 1st day of December, 2023, at Kansas City, Kansas.

        s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge

---

[1] In his reply, defendant contends that the court ordered the government to "answer petitioner's interrogatories" and that the government failed to do so. The court, however, simply ordered the government to respond to the Notice filed by defendant and the government filed a timely response to that Notice.