IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-20078-01-JWL |
| | ) | |
| JASON McKINNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| JASON McKINNEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 23-3247-JWL |
| | ) | |
| BRUCE TEARSON, Warden, FCI-Memphis, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

Defendant/Petitioner Jason McKinney has filed the same three motions and a Notice of Filing in both his criminal case (No. 06-20078-01-JWL) and his civil habeas case (No. 23-3247-JWL). By those motions, Mr. McKinney essentially seeks reconsideration of the Court's prior orders denying previous requests for relief from his convictions. For the reasons set forth below, the Court **denies** the pending motions in both cases (in Case No. 06-20078-01, Doc. ## 453, 454, 455; in Case No. 23-3247, Doc. ## 14, 15, 16).

I.      **Background**

A.      *Criminal Case*

On September 18, 2023, Mr. McKinney, acting *pro se*, filed in his criminal case a "Notice of Constitutional Challenge," with an attached "Constitutional Challenge" to his convictions (Doc. # 437), in which he asked the Court to certify his challenge to the Attorney General pursuant to Fed. R. Civ. P. 5.1(b).  The Government filed a response brief, and Mr. McKinney filed a reply.  On November 20, 2023, Mr. McKinney filed a motion to supplement the caption of his case to add his warden as a party and to add a civil case number (Doc. # 449).

By Memorandum and Order of December 1, 2023 (Doc. # 452), the Court denied the first motion for the reason that civil Rule 5.1 has no application to his criminal case. The Court further denied the motion to supplement as moot, in light of the fact that Mr. McKinney had by then filed his separate civil habeas case with the warden as the named respondent.

B.      *Civil Habeas Case*

In November 2023, Mr. McKinney, again acting *pro se*, filed a civil case seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  The documents filed by Mr. McKinney included a form petition under Section 2241 (Doc. # 1); "Notices of Filing" referencing the criminal case (Doc. ## 2, 5), indicating that signed copies of documents would eventually be substituted; a "Praecipe" (Doc. # 3), which purported to provide instructions to the Clerk of Court regarding the filing of the habeas petition; a "Complaint" seeking a writ of habeas corpus (Doc. # 4); a "Memorandum of Law in Support of Petitioner's Writ of Habeas

2

Corpus" (Doc. # 6); and a "Petition Pursuant to 28 U.S.C. § 2241(a) / Ad Testificandum" (Doc. # 7), by which he again sought habeas relief.

By Memorandum and Order of November 28, 2023 (Doc. # 8), the Court denied Mr. McKinney's habeas claims.  The Court noted that by his filings Mr. McKinney was challenging his convictions (which challenge must be brought in his original criminal case), and was not challenging the administration of his sentence (as permitted under Section 2241).  The Court further noted that any petition asserting a proper basis for relief under Section 2241 could only be brought in a district in Tennessee, where Mr. McKinney is imprisoned.  Judgment was entered against Mr. McKinney in that case.

Mr. McKinney also filed a "Motion for Leave to File Respondent's Proposed Answer to Writ of Habeas Corpus" (Doc. # 11) and a request for waiver of service on his warden (Doc. # 12).  By Order of November 30, 2023 (Doc. # 13), the Court denied the motion as moot in light of the Court's previous entry of judgment in the case.

## II.   __Analysis__

By his filings, Mr. McKinney essentially asks the Court to reopen his criminal and civil habeas cases and to address the merits of his challenges to his convictions.  Mr. McKinney does not have any matter properly pending before the Court, however, and the Court therefore declines to reopen either case.

_First_, there is no basis to reopen Mr. McKinney's civil habeas case.  As noted above, the Court denied Mr. McKinney's habeas petition under Section 2241 in part because Mr. McKinney is not imprisoned within this judicial district, which means that he may not seek

habeas relief from this Court. In his recent filings, Mr. McKinney's only apparent response to that ruling is to assert that his challenge to his convictions arises under the saving clause of 28 U.S.C. § 2255(e). In general, Section 2255 requires that a collateral attack on a sentence be directed to the sentencing court through a motion under that section, but Section 2255(e) (the saving clause) preserves the habeas remedy in cases in which the remedy by motion under Section 2255 "is inadequate or ineffective to test the legality of a prisoner's detention." *See Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (quoting 28 U.S.C. § 2255(e)). "Traditionally, courts have treated the saving clause as covering unusual circumstances it which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as when the sentencing court no longer exists or the prisoner could not be present for a hearing at the sentencing court. *See id.* at 474-75. Mr. McKinney further suggests that even though his collateral attack on his convictions is being made through a habeas petition under Section 2241, such challenges are better considered by the original sentencing court (in this case, this Court). Thus, he appears to argue that this Court should entertain his habeas petition even though he is imprisoned in another judicial district.

The Court rejects this argument. Mr. McKinney has not cited any authority for the proposition that a collateral attack made by habeas petition under Section 2241 need not be filed in the district of confinement.[1] As the Court indicated in its previous order, under

---

[1]    *Streater v. Jackson*, 691 F.2d 1026 (D.C. Cir. 1982), cited by Mr. McKinney, does not address this issue of where a habeas petition based on the saving clause must be filed. *See id.*

Supreme Court precedent, a habeas petition may only be brought in the district in which the petitioner is imprisoned.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (confirming "the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").  This Court has applied that rule even in habeas cases involving collateral attacks through the saving clause.  *See, e.g.*, *Edwards v. Upton*, 2019 WL 1931917, at *1 (D. Kan. May 1, 2019) (Lungstrum, J.).  Therefore, as the Court ruled in its previous order, Mr. McKinney's habeas case cannot be pursued in this district, and thus there is no basis for this Court to reopen Mr. McKinney's civil habeas case to address the merits of the petition.

The Court also declines to reopen the case to transfer it to the district in Tennessee in which it could have been filed.  Mr. McKinney has not shown any basis for relief under the saving clause – that is, that his Section 2255 remedy was inadequate or ineffective – and therefore the Court concludes that a transfer would not serve the interest of justice.  *See* 28 U.S.C. § 1631 (civil case over which the court lacks jurisdiction should be transferred if in the interest of justice); *see also Edwards*, 2019 WL 1931917, at *1 (transfer not in the interest of justice where habeas petition lacks merit).  If Mr. McKinney wishes to pursue such a habeas claim, he must file a new petition in the judicial district in which he is imprisoned.

Accordingly, the Court denies Mr. McKinney's motions to the extent they relate to his civil habeas case.

<u>Second</u>, the Court addresses Mr. McKinney's apparent argument that he has already filed a separate civil action in this Court.  In his recent filings, Mr. McKinney notes that in

the "Complaint" filed in his habeas case, the caption makes reference to *Bivens* claims and to 42 U.S.C. § 1983, and he further suggests that he has a viable fraud claim against the prosecutors and others involved in his criminal case, as well as a claim for monetary compensation for wrongful prosecution.  A review of the "Complaint", however, reveals only the assertion of a habeas claim, without the assertion of a civil claim against any person other than his warden (the proper habeas respondent).  Thus, the Court correctly treated that filing only as a document supporting Mr. McKinney's habeas petition.

As such, there is no non-habeas civil case brought by Mr. McKinney that may be revived or reopened.  Any such separate legal claim may be asserted only in a separate action properly filed.

*Third*, there is no basis for any ongoing proceeding in Mr. McKinney's criminal case, which therefore will remain closed.  Mr. McKinney previously attempted to provide notice of a constitutional challenge to his convictions, but there has been no procedural vehicle for any such challenge.  As noted above, any such collateral challenge to a conviction or sentence must ordinarily be made by a motion in the defendant's criminal case under Section 2255; but Mr. McKinney has made clear in his filings that he has *not* filed a Section 2255 motion (which in his case would constitute a successive Section 2255 motion, for which leave of court would be required), but rather that he has proceeded under Section 2241 (through the saving clause of Section 2255(e)).  Thus, there is no pending matter in Mr. McKinney's criminal case, and accordingly, the Court denies the recent motions to the extent they relate to that criminal case.

6

For these reasons, the Court denies the requests for relief contained in Mr. McKinney's recent motions filed in his closed criminal and civil habeas cases.

IT IS THEREFORE ORDERED BY THE COURT THAT the pending motions filed by defendant/petitioner Jason McKinney in his criminal case (Doc. ## 453, 454, 455) and in his civil habeas case (Doc. # 14, 15, 16) are hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of January, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge