IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                                            Case No. 06-20078-JWL

**Jason McKinney,**

      **Defendant.**

## MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The court sentenced defendant to 360 months imprisonment on the first count and 60 months imprisonment on the second count, to run consecutively, for a total term of 420 months. In April 2022, the court granted in part defendant's motion for a sentence reduction under § 404 of the First Step Act and reduced defendant's sentence to 292 months on Count 1, for a total term of 352 months. His current projected good-time release date is September 29, 2031. This matter is now before the court on defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 458) and his motion to correct clerical error pursuant to Rule 36 and Rule 32 (doc. 459). As will be explained, the motion for sentence reduction is dismissed in part and denied in part and the motion to correct clerical error is dismissed for lack of jurisdiction.

*Motion for Sentence Reduction*

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*.

In his motion, defendant asserts that a sentence reduction is warranted due to the combination of his "unusually long sentence," a change in the law that would result in a lower sentence today, and his rehabilitation while in custody. It is unclear whether defendant is also moving for a sentence reduction based on two additional arguments. First, defendant asserts that his offense of conviction for Count I does not have a guideline reference such that the court could only sentence him to a Class A misdemeanor resulting in a sentencing range of 1 to 7 months. Second, defendant says that "newly discovered evidence" in the form of an affidavit from a co-conspirator supports a sentence reduction because the co-conspirator avers that he overstated the amount of drugs attributable to defendant which, in turn, inflated defendant's guidelines range. In an abundance of caution, the court assumes that defendant relies on these additional two arguments in support of the motion.

2

The government concedes that defendant has exhausted his argument that his unusually long sentence warrants a reduction but contends that his arguments about the guideline reference and the co-conspirator affidavit have not been exhausted and must be denied on that basis. The court need not decide whether defendant exhausted his remedies because it concludes that exhaustion with respect to these two arguments is not required. Specifically, the BOP is authorized to grant a reduction under § 3582(c)(1)(A) only for reasons set forth in the Sentencing Commission's policy statement. The arguments made by defendant concerning the guideline reference and the co-conspirator affidavit fall outside the scope of the applicable policy statement. Thus, because the BOP could not grant the relief requested by defendant in any event, exhaustion is not required. *See United States v. Dahda*, 2022 WL 4079021, at *6 (D. Kan. Sept. 6, 2022) (because the BOP is authorized to grant a reduction only for reasons identified in the Sentencing Commission's policy statement, exhaustion of remedies for claims outside the policy statement is not required).

Nonetheless, the court cannot grant the relief requested by defendant with respect to these two arguments. Defendant's argument about the guideline reference for his offense of conviction is essentially an argument about the application of the sentencing guidelines in the PSR. The Circuit has recognized that § 2255 is the appropriate procedural vehicle to challenge alleged errors in a PSR. *United States v. Brumley*, 753 Fed. Appx. 594, 599 (10th Cir. 2018) (district court had jurisdiction to consider § 2255 petition where defendant was seeking to correct an alleged error in his PSR) (citing *United States v. Gattas*, 862 F.2d 1432, 1434 (10th Cir. 1988)). This argument, then, is not cognizable under § 3582(c)(1)(A). And because defendant has already filed a § 2255 petition, he must file with the Tenth Circuit a motion for authorization pursuant to § 2255(h)

3

before he may proceed with this claim. This aspect of defendant's motion for sentence reduction, then, is dismissed.

To the extent the court must assess whether to grant or deny a certificate of appealability (COA) to defendant in connection with any appeal of the court's dismissal of his § 3582(c)(1)(A) motion as a successive § 2255 petition, the court declines to issue a COA. To obtain a COA where, as here, the court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court need not address the constitutional question if it concludes that reasonable jurists would not debate the court's resolution of the procedural one. *Id*. at 485. Because reasonable jurists would not debate the correctness of this court's conclusion that this aspect of defendant's § 3582(c)(1)(A) motion must be construed as an unauthorized second § 2255 petition, the court declines to issue a COA.

Defendant's argument concerning the affidavit of a co-conspirator is barred by the law of the case doctrine. Specifically, defendant submitted the same affidavit to the court in connection with an earlier motion for compassionate release, *see* Doc. 409, att. 11, arguing that the co-conspirator had overstated the drug quantities as a result of prosecutorial misconduct. The court held that defendant's prosecutorial misconduct claim was governed by § 2255. *See United States v. McKinney*, 2022 WL 1136189, at *3 (D. Kan. Apr. 18, 2022). On appeal, the Tenth Circuit affirmed the court. *See United States v. McKinney*, No. 22-3090, 2023 WL 5608463, at *2 (10th Cir. Aug. 30, 2023) (claim based on co-conspirator affidavit suggesting that prosecutor persuaded him to overstate the amount of drugs attributable to defendant was governed by § 2255). Although

4

defendant now attempts to recast his prosecutorial misconduct claim as one based on "newly discovered evidence," the affidavit itself has already been rejected by the Circuit as a basis for relief under § 3582(c)(1)(A). Because the Tenth Circuit has already examined and resolved the argument that defendant again pursues in this court, the court could not consider the merits of his argument even if defendant had presented his argument through a proper procedural vehicle. *See United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018) (law of the case doctrine precludes court from considering arguments that were raised and adjudicated on appeal).[1]

    Thus, the only argument properly before the court is defendant's argument that he received an unusually long sentence. The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a

---

[1] While there are narrow exceptions to the law-of-the-case doctrine, none are present here. *See Trent*, 884 F.3d at 994-95 (exceptions include when the evidence in a subsequent trial is substantially different; when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or when the decision was clearly erroneous and would work a manifest injustice).

"circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6). Here, defendant requests relief under the provision concerning an unusually long sentence where there has been a change in law, in conjunction with his rehabilitation while in custody. U.S.S.G. § 1B1.13(b)(6).[2]

Defendant identifies two changes in the law that he contends would result in a lower sentence for him today. First, he asserts that Amendment 821 operates to lower his sentence. Effective November 1, 2023, Part A of Amendment 821 limits the effect of criminal history points, or "status points." U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023).[3] The amendment replaced § 4A1.1(d), which had required a two-point increase for offenses committed while defendant served a criminal justice sentence, with a modified § 4A1.1(e), which requires a one-point increase if defendant received seven or more points in previous subsections and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id*. Defendant received

---

[2] Defendant asserts in his reply that he is also relying on the catch-all provision set forth in § U.S.S.G. § 1B1.13(b)(5) but he identifies no circumstances that he contends satisfy that provision.
[3] Defendant acknowledges that relief under Amendment 821 is appropriately sought under 18 U.S.C. § 3582(c)(2) but he expressly relies on the Amendment in this context to show that he would receive a lower sentence if sentenced today under U.S.S.G. § 1B1.13(b)(6).

a subtotal of nine criminal history points. The PSR added two additional points because defendant committed the instant offense while on probation for an earlier conviction, bringing his total criminal history points to 11. Under Amendment 821, defendant would receive just one point for committing the offense while on probation, resulting in a total criminal history of 10. This new score, however, does not affect defendant's sentencing range. A criminal history score of 10 or 11 both place defendant in criminal history category V.  Thus, Amendment 821 does not result in a lower sentence for defendant, let alone produce the required "gross disparity" between the sentence he is serving and the sentence likely to be imposed at the time of defendant's motion.

Second, defendant asserts that the application of Amendment 790 would result in a lower sentence for him.  Defendant raised this same argument in his second motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which the court denied on the merits in April 2022. *See United States v. McKinney*, 2022 WL 1136189, at *4 (D. Kan. Apr. 18, 2022).  The Tenth Circuit affirmed that decision on appeal. *See United States v. McKinney*, No. 22-3090, 2023 WL 5608463, at *3 (10th Cir. Aug. 30, 2023).  Thus, the law of the case doctrine precludes the court from considering this argument again. *See United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018) (law of the case doctrine precludes court from considering arguments that were raised and adjudicated on appeal).

This leaves only defendant's argument that his rehabilitation while incarcerated warrants his early release. But rehabilitation alone is not an extraordinary and compelling reason for relief. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for a sentence reduction under § 3583(c)(1)(A)]."); *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021). The court, then, rejects defendant's

7

arguments that extraordinary and compelling reasons justify his immediate release from custody. Defendant's motion for a sentence reduction is denied.

*Motion to Correct Clerical Error*

Finally, the court turns to defendant's motion to correct clerical error pursuant to Federal Rules of Criminal Procedure 36 and 32. In his motion, defendant points to a number of alleged errors made by the court and the probation officer in connection with defendant's Presentence Investigation Report (PSR). Defendant, for example, contends that the court erred in concluding that the defendant was involved in a criminal activity involving 5 or more participants; that the court erred in adopting the probation officer's calculation of defendant's base offense level and criminal history score; and that the court erred in adopting the sentencing range set forth in the PSR by the probation officer. Ultimately, defendant seeks a sentence modification through the correction of these alleged errors.

Rule 36 states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Under Rule 36, it is appropriate to issue a corrected judgment that will "conform the sentence to the term which the record indicates was intended." *United States v. Francisco*, 2004 WL 7337766, at *2 (D.N.M. May 24, 2004) (quoting *United States v. Rush*, 1992 WL 138620 at *2 (10th Cir. 1992)). But defendant does not allege that a clerical error in the judgment occurred; he seeks a modification of his sentence based on alleged substantive errors made in the PSR and adopted by the court. The errors alleged by defendant are clearly outside the ambit of Rule 36. *See United States v. Davis*, 2019 WL 1255277, at *2 (D. Kan. Mar. 19,

2019) (no authority to alter PSR under Rule 36) (citing *United States v. Torres*, 2018 WL 2016306, at *1 (E.D.N.C. April 30, 2018) (post-judgment request to modify a PSR "to add substantive information or a recommendation for residential drug treatment" not a clerical error under Rule 36)); *United States v. Brown*, 2017 WL 11510645, at *1 (D. Kan. Apr. 18, 2017) (same) (citing *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009) (Rule 36 cannot be used as alternative to attack sentence based on non-clerical error in PSR); *see also United States v. Long*, 419 Fed. Appx. 845, 848 (10th Cir. 2011) (defendant cannot escape strictures of Rule 32 by relying on Rule 36) (citing *United States v. Wilkes*, 376 Fed. Appx. 295, 296 (4th Cir. 2010) ("We note that Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report ('PSR')). Because the court lacks authority to make the modifications requested by defendant under Rule 36, this aspect of defendant's motion is dismissed.

To the extent defendant relies on Federal Rule of Criminal Procedure 32 as a vehicle to correct the errors he alleges are contained in the PSR, the court similarly lacks jurisdiction to make those modifications at this juncture. Challenges to or requests to amend a presentence report submitted more than fourteen days after imposition of the sentence must be based on statutes or rules giving the district court jurisdiction to consider the challenge. *See United States v. Fykes*, 733 Fed. Appx. 950, 952 (10th Cir. May 15, 2018) (district court lacked jurisdiction under Federal Rule of Criminal Procedure 32 to resolve on the merits a post-sentencing motion to amend the PSR) (citing *United States v. Warner*, 23 F.3d 287 (10th Cir. 1994)). In short, defendant's challenges to the PSR under Rule 32 are untimely. The motion is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 458) is **denied in part and dismissed in part** and his motion to correct clerical error pursuant to Rule 36 and Rule 32 (doc. 459) is **dismissed for lack of jurisdiction.**

**IT IS FURTHER ORDERED BY THE COURT THAT** a certificate of appealability is **denied** with respect to the court's dismissal of defendant's § 3582(c)(1)(A) motion as a successive § 2255 petition.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2024, at Kansas City, Kansas.

                                          s/John W. Lungstrum
                                      HON. JOHN W. LUNGSTRUM
                                      United States District Judge