IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                Case No. 06-20078-JWL

Jason McKinney,

        Defendant.

### MEMORANDUM & ORDER

In June 2007, defendant Jason McKinney pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The court sentenced defendant to 360 months imprisonment on the first count and 60 months imprisonment on the second count, to run consecutively, for a total term of 420 months. In April 2022, the court granted in part defendant's motion for a sentence reduction under § 404 of the First Step Act and reduced defendant's sentence to 292 months on Count 1, for a total term of 352 months. His current projected good-time release date is September 29, 2031. This matter is now before the court on defendant's motion to correct guideline calculation errors pursuant to 18 U.S.C. § 3582(c)(1)(B); Federal Rules of Criminal Procedure 32(d)(1)(A) and 36; and 18 U.S.C. § 3661 (doc. 469) and his motion to eliminate status points pursuant to 18 U.S.C. § 3582(c)(2) (doc. 472). As will be explained, both motions are dismissed for lack of jurisdiction.

*Motion to Correct Guideline Calculation Errors*

In his motion to correct guideline calculations errors, defendant incorporates by reference "the specific errors in the Presentence Investigation Report (PSR) and guideline calculations referenced in the Court's recent order." Presumably, defendant is referencing the court's October 31, 2024, memorandum and order (doc. 468) dismissing defendant's motion to correct clerical errors based on Federal Rules of Civil Procedure 36 and 32 (doc. 459). In that order, the court identified the following errors highlighted by defendant in his motion: that the court erred in concluding that defendant was involved in a criminal activity involving 5 or more participants; that the court erred in adopting the probation officer's calculation of defendant's base offense level and criminal history score; and that the court erred in adopting the sentencing range set forth in the PSR by the probation officer. In his current motion, defendant again asks the court to correct "these inaccuracies to ensure that his sentence aligns with statutory requirements and accurately reflects the factual record."

Defendant relies on 18 U.S.C. § 3582(c)(1)(B) as the primary vehicle for his motion. Section 3582(c)(1)(B) of Title 18 authorizes the court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See Concepcion v. United States*, 597 U.S. 481, 497 n.5 (2022) (noting that "Section 3582(c)(1)(B) is simply a gateway provision that refers to whichever statute 'expressly permit[s]' the sentencing modification."). In other words, § 3582(c)(1)(B) does not independently authorize a sentence modification. *See United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020) (noting that § 3582(c)(1)(B) "does not itself provide standards" for a sentencing modification and that a "court must look elsewhere to find another statute containing said standards").

2

As noted, § 3582(c)(1)(B) expressly authorizes a sentence modification as permitted by Rule 35 of the Federal Rules of Criminal Procedure. Rule 35, in turn, allows a court to modify a sentence in two circumstances: (1) "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error;" and (2) "[u]pon government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. Rule 35(a) and (b). Neither circumstance applies to this case and defendant acknowledges as much in his motion.

The only other statute identified by defendant in his motion is 18 U.S.C. § 3661. According to defendant, this statute gives the court "broad discretion to correct inaccuracies in sentencing records that affect the fairness or appropriateness of a sentence." Defendant directs the court to no authority for this statement. In fact, that statute provides only that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Nothing in the text of the statute authorizes the court to consider objections to the PSR or to reconsider guideline calculations at this juncture.

Defendant also relies again on Federal Rules of Criminal Procedure 36 and 32 to correct the alleged errors in his guideline calculation. As the court explained in detail in connection with defendant's prior motion, neither Rule 36 nor Rule 32 authorizes the relief sought by defendant. Rule 36 states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R.

Crim. P. 36. Under Rule 36, it is appropriate to issue a corrected judgment that will "conform the sentence to the term which the record indicates was intended." *United States v. Francisco*, 2004 WL 7337766, at *2 (D.N.M. May 24, 2004) (quoting *United States v. Rush*, 1992 WL 138620 at *2 (10th Cir. 1992)). But defendant does not allege that a clerical error in the judgment occurred; he seeks a modification of his sentence based on alleged substantive errors made in the PSR and adopted by the court. The errors alleged by defendant are clearly outside the ambit of Rule 36. *See United States v. Davis*, 2019 WL 1255277, at *2 (D. Kan. Mar. 19, 2019) (no authority to alter PSR under Rule 36) (citing *United States v. Torres*, 2018 WL 2016306, at *1 (E.D.N.C. April 30, 2018) (post-judgment request to modify a PSR "to add substantive information or a recommendation for residential drug treatment" not a clerical error under Rule 36)); *United States v. Brown*, 2017 WL 11510645, at *1 (D. Kan. Apr. 18, 2017) (same) (citing *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009) (Rule 36 cannot be used as alternative to attack sentence based on non-clerical error in PSR); *see also United States v. Long*, 419 Fed. Appx. 845, 848 (10th Cir. 2011) (defendant cannot escape strictures of Rule 32 by relying on Rule 36) (citing *United States v. Wilkes*, 376 Fed. Appx. 295, 296 (4th Cir. 2010) ("We note that Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report ('PSR')).

To the extent defendant relies on Federal Rule of Criminal Procedure 32 as a vehicle to correct the errors he alleges are contained in the PSR, the court similarly lacks jurisdiction to make those modifications at this juncture. Challenges to or requests to amend a presentence report submitted more than fourteen days after imposition of the sentence must be based on statutes or rules giving the district court jurisdiction to consider the challenge. *See United States v. Fykes*,

4

733 Fed. Appx. 950, 952 (10th Cir. May 15, 2018) (district court lacked jurisdiction under Federal Rule of Criminal Procedure 32 to resolve on the merits a post-sentencing motion to amend the PSR) (citing *United States v. Warner*, 23 F.3d 287 (10th Cir. 1994)).

Because defendant has failed to identify a statute that permits a sentence modification under 18 U.S.C. § 3582(c)(1)(B), the court is not authorized to grant the relief he seeks and the motion must be dismissed for lack of jurisdiction.

*Motion to Eliminate Status Points*

Defendant's motion to eliminate status points is expressly brought under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 2023 by, as pertinent here, limiting the criminal history impact of "status points." U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023). The amendment replaced § 4A1.1(d), which had required a two-point increase for offenses committed while defendant served a criminal justice sentence, with a modified § 4A1.1(e), which requires a one-point increase if defendant received seven or more points in previous subsections and "committed the instant offense while under any

5

criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id*.

In resolving a previous motion filed by defendant, the court explained that Amendment 821 does not result in a lower sentence for defendant. By way of background, defendant received a subtotal of nine criminal history points. The PSR added two additional points because defendant committed the instant offense while on probation for an earlier conviction, bringing his total criminal history points to 11. Under Amendment 821, defendant would receive just one point for committing the offense while on probation, resulting in a total criminal history of 10. As the court has explained, however, this new score does not affect defendant's sentencing range. A criminal history score of 10 or 11 both place defendant in criminal history category V.

Now, defendant contends that he did not commit the instant offense while on probation and, accordingly, he should not have received any status points. He asks the court to eliminate all status points and resentence him. But the court is not authorized at this juncture to resolve a substantive objection to the PSR. The time to make this objection was in response to the presentence report or at the sentencing hearing. "Failure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact." *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir. 1998) (quoting *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994)); *see also United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006) (a defendant's failure to object to PSR under Criminal Procedure Rule 32 allows a district court to accept any undisputed portion as a finding of fact). In sum, the relief defendant seeks is far beyond the scope authorized in a § 3582(c)(2) proceeding. Stated another way, the court lacks jurisdiction to reduce defendant's sentence pursuant to Amendment 821. *See United States v. Brown*, 556 F.3d 1108,

1113 (10th Cir. 2009) ("A § 3582(c)(2) motion does not provide the district court with the opportunity to begin the entire sentencing process anew, but rather the district court's discretionary authority is expressly limited by the scope of § 3582(c)."). Defendant's motion to eliminate status points is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to correct guideline calculation errors pursuant to 18 U.S.C. § 3582(c)(1)(B); Federal Rules of Criminal Procedure 32(d)(1)(A) and 36; and 18 U.S.C. § 3661 (doc. 469) is **dismissed for lack of jurisdiction** and his motion to eliminate status points pursuant to 18 U.S.C. § 3582(c)(2) (doc. 472) is **dismissed for lack of jurisdiction.**

**IT IS SO ORDERED.**

Dated this 17th day of January, 2025, at Kansas City, Kansas.

                                              s/John W. Lungstrum  
                                              HON. JOHN W. LUNGSTRUM  
                                              United States District Judge